## SOUTHWESTERN GREYHOUND LINES, Inc., et al. v. RAILROAD COMMIS-SION et al.

### No. 9644.

Court of Civil Appeals of Texas. Austin.

Dec. 29, 1947.

Rehearing Denied Jan. 14, 1948.

594

Brooks, Duke & Templeton, of Abilene, Black & Stayton, of Austin, Robertson, Jackson, Payne & Lancaster, of Dallas, and Samuels, Brown, Herman & Scott, of Fort Worth, for appellants.

Price Daniel, Atty. Gen., of Texas, and James D. Smullen and Chas. D. Mathews, Asst. Attys. Gen., for appellee Railroad Commission of Texas.

Dan Moody, of Austin, Robert L. Holliday, of El Paso, and James F. Oates, Jr., of Chicago, Ill., for appellee American Bus Lines.

HUGHES, Justice.

The Southwestern Greyhound Lines, Inc., and Pacific Greyhound Lines, appellants, sued the Railroad Commission, hereafter called Commission, and All American Bus Lines, Inc., hereafter called appellee, to set aside an order of the Commission granting appellee a certificate of convenience and necessity to operate a motor carrier service between Dallas and El Paso and between El Paso and the Texas-New Mexico border.

Appellee's application for such certificate was filed on June 24, 1944, and hearings were held by the Commission during that year, the last hearing being held on December 19, 1944. The Commission entered its order granting the application on November 15, 1945. Appellants filed their motion for a rehearing and to reopen the hearings

on December 1, 1945. The Commission overruled such motion on December 22, 1945, and on December 23, 1945, issued its Motor Bus Certificate No. 1238 to appellee.

The case was tried before the court, without a jury, and resulted in a judgment denying appellants the relief sought.

Appellants are existing carriers operating over the same routes included in the certificate issued appellee.

■ Appellants first complain that there was no evidence to support the finding of the Commission that the service capable of being rendered by appellants (existing carriers) was not reasonably adequate or as otherwise stated by appellants that since there was no evidence of the inability of appellants, as existing carriers, to provide any additional service which might be required, as of the date of appellee's certificate, the order of the Commission must be set aside under the so-called mandatory provisions of Sections 6 and 7 of Article 911a, Vernon's Ann.Civ.St.

Without detailing the evidence in support of this point, we find it to be without dispute in showing that appellants had sufficient money, credit and physical properties to enable them at some time to furnish all the additional services required as of the date of the issuance of appellee's certificate.

We have held contrary to appellants' legal contention in the recent case of Kerrville Bus Co. v. Continental Bus System, Tex.Civ.App., 208 S.W.2d 586, and upon the authority of that decision the point under consideration is overruled.

The Commission made the following finding: "The Commission finds from the record and evidence that generally crowded conditions prevailed on many buses operating between Dallas and Fort Worth and the Texas-New Mexico State Line through El Paso, serving points intermediate to the extent of the capacity of busses operated by the carriers but the service was inadequate, that public necessity and convenience required additional equipment which the carriers did not supply, and the existing affected carriers did not conclusively establish that they had busses available from any source to immediately eliminate the standing of passengers or the waiting and delay experienced by some passengers in securing transportation."

In finding that appellants did not "conclusively establish" their ability to immediately remedy the existing inadequate service, appellants complain that the Commission erroneously placed the burden of proof upon them and that the burden of proof placed upon them was erroneous.

Under Sec. 6, Art. 911a, Vernon's Ann. Civ.St., it is made the duty of the Commission to ascertain and determine the public necessity for and public convenience to be promoted by granting an application to render motor bus service over the highways as a common carrier "after considering * * * the service * * * capable of being rendered * * *."

The most direct method for the Commission to obtain information upon this subject would be to inquire of the protesting existing carriers, since it is a matter which usually would be within their peculiar knowledge. Under appellants' theory as to burden of proof, they could, upon such inquiry being made, sit silent and rely upon the supposed burden on the part of the applicant to show that they were incapable of rendering further or additional service. We do not have this question before us and no court probably ever will because no existing carrier would ever take such position before the Commission.

"Service capable of being rendered" is made a factor in determining the requisite public convenience and necessity by virtue of the statute alone and such statute also prescribes the treatment to be accorded this factor in consideration by the Commission, and upon an affirmative finding, permissive authority to deny the application. Sec. 7, Art. 911a, Vernon's Ann.Civ. St.

■ The question before us, then, under the law, is whether or not the Commission has discharged its duty in considering the service capable of being rendered, and whether abuse of discretion is shown in not denying appellee's application.

■ In the first place it will be presumed that the Commission considered all of the evidence before it. Appellants de-

vote about 18 pages of their brief in summarizing the evidence upon this point. Such an abundance of testimony could not have been overlooked by the Commission. We are not driven to reliance upon this presumption, however, for the reason that the record affirmatively shows that such evidence was considered. We quote from the order of the Commission granting appellee's certificate: "The protestants relied upon their witnesses to * * * show protestants were wholly capable of rendering completely adequate service upon modification of emergency situations imposed by the war."

And in stating the issues before the Commission it said: "And finally whether the existing facilities furnished by existing carriers can be immediately augmented by those carriers to adequately serve the public necessity and convenience."

Reference is also here made to that portion of the Commission's order copied first above.

It is apparent from the face of this record that the Commission thoroughly considered the service capable of being rendered by appellants. This was all the law required it to do.

Appellants seize upon the word "conclusively" used by the Commission in that portion of the order first copied above and would have us hold that its presence in the order constitutes a violation of the fundamental rules of administrative law. It has been stated many times by our courts that the Commission is an expert, technical body which devotes its time and talents to the administration of some of our largest and most complex businesses: While it is a quasi judicial body, it is not a court; its members need not be attorneys. Its actions, proceedings and orders are not subject to the same critical scrutiny as would be accorded those of a court.

In our opinion the effect of the language used by the Commission was that upon due and statutorily required consideration the Commission was not satisfied with the ability of appellants to render additional required service to the extent that it should deny appellee's application. This was a matter purely within its discretionary powers and with the exercise of which the courts may not interfere, unless the action be arbitrary or unreasonable. Shupee v. Railroad Commission, 123 Tex. 521, 73 S.W.2d 505. The Commission's action was upheld in Railroad Commission v. Metro Bus Lines, 144 Tex. 420, 191 S.W.2d 10, 17, although the effect was, for the time, to grant a monopoly. A fortiori, it would certainly not be arbitrary or unreasonable for the Commission, as here, to grant a certificate which would prevent the continuance of a monopoly, the requisite public convenience and necessity being present. This is clearly the effect of the following language used by the Supreme Court in the Metro case: "The denial of an application does for a time protect the existing carrier from competition or additional competition, but a permit may be granted to a competitor to operate buses between the same termini or over the same or parallel routes whenever the public convenience and necessity warrant it."

Viewed most favorably for appellants, the use of the word "conclusively" in that portion of the order of the Commission under consideration, merely reflects an erroneous reason for the Commission's finding that appellant was unable immediately to render adequate service, as well, perhaps, as an erroneous reason for granting the certificate to appellee. The courts are not bound by the stated reasons of the Commission in making an order. The order is to be upheld if it has a valid basis. Railroad Commission v. Magnolia Petroleum Co., 130 Tex. 484, 109 S.W.2d 967. The valid basis here is substantial evidence to show public convenience and necessity as found by the Commission. We are most unwilling to make any departure from this rule which was established only after long and tedious judicial travail.

That the Commission may not have made certain fact findings, as claimed, is not ground for reversal. The proceedings were under Art. 911a, Vernon's Ann.Civ. St., which does not require the Commission to set out in its order the facts upon which the order is based. Kerrville Bus Co., Inc.,

v. Continental Bus System, supra, and authorities there cited.

 Appellee's application for a certificate was filed June 24, 1944, and amended July 5, 1944. The Commission conducted extensive public hearings on the application during the fall of 1944, concluding late in December of that year. Eight hundred and thirty-nine witnesses were heard. The certificate was granted November 15, 1945. Thus there was a lapse of about eleven months between the conclusion of the hearings and the order granting the certificate.

On December 1, 1945, appellants filed with the Commission a motion for rehearing alleging that the hearings had been conducted and closed while both European and Pacific wars were in progress; that the fighting in both wars had ended when the order was made on November 15, 1945. That during this period there had been a material change in conditions; armed service personnel was being discharged in great numbers. Military camps and war plants along the highways involved had been curtailed or abandoned; and that travel on busses over these routes was decreasing. That war time restrictions on manufacturing had been relaxed and equipment was available and being purchased by them with which they could render additional service. That gasoline rationing had been lifted and the public would travel by private conveyance. That airplane service was increasing.

The concluding allegation was that, "All of said changes were matters of which the Commission could have taken judicial notice, and its failure to do so would be arbitrary and unreasonable."

This motion was overruled by the Commission on December 17, 1945.

This action is attacked by appellants as being an abuse of discretion by the Commission and that the Commission in overruling such motion and in issuing the certificate to appellee was guilty of discrimination against appellants, and that its order was "unjust and unreasonable as to them."

These contentions are without merit for the following reasons: (1) All the facts pleaded by appellants as showing a change in conditions were in existence when the Commission overruled the motion for rehearing and when appellee's certificate was issued; (2) these facts were fully developed upon the trial of this case in the court below; (3) appellants having alleged that the facts alleged were of such nature that the Commission could take judicial notice of them, it will be presumed that the Commission did so, and hence reopening of the case before the Commission was wholly unnecessary to hear evidence of facts of which it could take judicial notice; and (4) the order of the Commission is not to be tested by any rule of so-called discrimination; nor is it measured by the effect it may have upon any particular carrier, even though as to such carrier the order may seem to be unjust and unreasonable, the proper criterion being the abstract authority of the Commission to make the order and the existence of substantial evidence to support it.

The legal principles upon which reasons 1, 2 and 4 are based find full support in the following authorities: Railroad Commission v. Shell, 139 Tex. 66, 161 S.W.2d 1022; Cook Drilling Co. v. Gulf, 139 Tex. 80, 161 S.W.2d 1035; Railroad Commission v. Metro Bus Lines, 144 Tex. 420, 191 S.W.2d 10; and Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424. All of these cases being by the Supreme Court of Texas.

Reason 3 is based on appellants' judicial admission.

There is no point in appellants' brief assigning error in the want of substantial evidence to support the order of the Commission, and there is, therefore, no occasion to review the facts.

The judgment of the trial court is affirmed.

Affirmed.