**THOMPSON et al. v. HOVEY PETROLEUM CO. et al.**

No. 9901.

Court of Civil Appeals of Texas. Austin.

May 31, 1950.

Rehearings Denied June 21, 1950, July 12, 1950.

Kelley, Mosheim & Ryan, of Houston, J. T. Suggs, of Dallas, Baker, Botts, Andrews & Parish, of Houston, Wigley, McLeod, Mills & Shirley, of Galveston, Stroud & Dyer, of Dallas, Allen, Gambill & Gambill, Seth Barwise, all of Fort Worth, Kenneth McCalla, Walter Caven and Austin L. Hatchell, all of Austin, for Railroad Companies.

Jackson Littleton, of Kelley, Looney, McLean & Littleton, all of Edinburg, for Motor Carriers.

Morgan Nesbitt and Ewell Muse, Jr., of Austin, for R. A. Corbett & Younger Bros., Inc.

Albert G. Walker, of Austin, for Hovey Petroleum Co., Cactus Transportation Co., Union Transports, Inc., J. F. Whitehurst, doing business as Coastal Transport Co., A. & A. Transport Co., A. E. York, and Texas Consolidated Transportation Co.

Rankin, Kilgore & Cherry, of Edinburg, for A. & A. Transport Co.

Price Daniel, Atty. Gen., and Durward M. Goolsby, Asst. Atty. Gen., for Railroad Commission.

HUGHES, Justice.

This is a companion case to our No. 9900, Thompson, v. Railroad Commission, Tex. Civ.App., 232 S.W.2d 139, this day decided, and is an action, in the nature of a statutory appeal, brought by some twelve railroad companies, joined by five motor carriers, against the Railroad Commission and nine motor carriers to set aside orders of the Commission identical in all material respects with those orders described and involved in the Thompson case, supra, to which opinion reference is here made for all purposes.

Trial was to the court and after appellants had rested judgment sustaining the orders was rendered on the motion of appellees.

A joint brief has been filed by the rail appellants and a separate and joint brief has been filed by the motor appellants.

We will first discuss and dispose of the eleven points raised by the rail appellants.

Points 1, 2, 3, 4, 9, 10 and 11 are identical with points 1, 2, 3, 4, 6, 7 and 8, respectively, discussed and decided in the Thompson case, and our rulings are the same here.

Point 5 complains that the Commission in consolidating the hearings on the applications of the seven motor carrier appellees, over objection, violated its own rules and that the orders are, therefore, void.

Rule 39 of the Rules of Practice and Procedure of the Railroad Commission reads as follows:

"Joint Record of Hearing.

"No hearing of two or more applications, complaints or other proceedings shall be heard on a joint record without the affirmative consent of all of the parties both applicant and protestant, unless the presiding examiner shall find prior to the consolidation of such proceedings that substantial justice cannot be afforded without a consolidation."

There was no express finding by the examiner that substantial justice could not be afforded without a consolidation, however, we believe that such finding should be implied from the fact of consolidation itself. Rail appellants do not contend that they have suffered any harm or prejudice from the consolidation and we have found none.

Points 6, 7 and 8 all relate to the state and sufficiency of the evidence. They are briefed together and will be discussed together.

Appellants offered evidence that the present service was adequate and that they could safely and efficiently transport all of the commodities involved between all points in Texas. Appellees offered no rebutting evidence in the usual sense of that term. They relied exclusively upon the order of the Commission which recited the facts found by the Commission.

Section 5a(d) of Article 911b, Vernon's Ann.Civ.St., provides that the Commission shall comply with Section 12 of said Article in granting an application of a specialized motor carrier. That section provides: "* * * in any contested hearing, the Commission shall, along with its order, file a concise written opinion setting forth the facts and grounds for its action, and such opinion shall be admissible as evidence on any appeal taken therefrom * * *."

Such opinions were prepared by the Commission, incorporated in each order, and they are in evidence. Each order and opinion are, for all material purposes, identical. They are likewise identical with the opinions and orders extensively quoted from in the Thompson case, supra, and such quotations are incorporated here by reference.

In Railroad Commission v. McDonald, Tex.Civ.App., 90 S.W.2d 581, 584 (Austin C.C.A.), it was held that by reason of said Section 12, supra, "Such findings of fact,

148

therefore, by the commission, set out as part of its order, are entitled to the same degree of verity as the order itself."

■ The Commission having set out the substance of the testimony of the witnesses in its order and upon which the order is based, we do not believe it was incumbent upon the Commission, in view of Section 12, supra, to offer other evidence of the evidence which was before the Commission at the time the orders in question were made.

We do not understand rail appellants to contend that, considering the evidence recited in the orders, the orders are not reasonably supported by substantial evidence; but even so, they are, in our opinion, so supported.

Having disposed of the points made by the rail appellants we will turn to those raised by motor appellants.

Motor appellants, of course, do not join their co-rail appellants in urging that the Commission did not have statutory authority to issue the certificates involved. They make three points, the second of which is identical with point 5 of rail appellants and the third of which is identical with points 6, 7 and 8 of rail apppellants, therefore such points will not be further discussed.

The first point is that the orders are void under Section 5a(d), Article 911b, V.A.C.S., because the orders do not contain full and complete findings as to the inadequacies of the services and facilities of the protesting motor carriers who were "existing carriers."

The findings were not as detailed concerning the motor carrier service as they were regarding rail service, yet the findings do show that some of the witnesses "had had some experience in the movement with tank trucks and that it was a great convenience to the companies and to the customers" and "that they need the proposed service in their business." Many advantages of tank truck service over rail tank service were found.

■ These facts, together with the express finding of the Commission that facil-ities and services of existing carriers were inadequate, constitute, in our opinion, substantial compliance with the requirements of this statute.

The judgment of the trial court is affirmed.

Affirmed.

## On Appellants' Motion for Rehearing.

In a brief signed by Mr. Jackson Littleton as attorney for appellant Motor Carriers, in support of their motion for rehearing, reference is made to the quotations made from the involved orders in the second to last paragraph of our original opinion, with this comment: "However, these appellants do not deem it necessary to animadvert upon the court's lifting of the quoted phrase from two single spaced typewritten pages in the orders. It is thought certain that the court would not approve of parties presenting briefs in a cause before it in which phrases were removed from their context to serve a particular purpose."

We thought we quoted rather fully from the involved order in companion case, No. 9900, Thompson v. Railroad Commission, Tex.Civ.App., 232 S.W.2d 139 which quotations were expressly incorporated in our original opinion herein by reference.

If these appellants, in a second motion for rehearing, will set out that portion of the context with which they desire the quotations made by us to be surrounded, our opinion will be altered accordingly.

The motion for rehearing is overruled.

Overruled.

## On Appellant Motor Carriers' Second Motion for Rehearing.

Appellant Motor Carriers now say that their remarks quoted by us on rehearing "were addressed not to the composition of the opinion but to the court's interpretation of the orders." They do not suggest the inclusion of any other portion of the orders in our opinion.

The motion is overruled.

Overruled.