ROBERDEAU et al. v. RAILROAD COM-
MISSION et al.

No. 9942.

Court of Civil Appeals of Texas. Austin.
Feb. 7, 1951.

On Motions for Rehearing April 18 and
May 9, 1951.

Rehearing denied May 30, 1951.

Smith, Rotsch & Steakley, by Zollie C. Steakley, Austin, for appellant.

Price Daniel, Atty. Gen., Everett Hutchinson, Executive Assistant, for Railroad Commission.

A. M. Felts, Austin, for Jeff Miller Rhoades and R. M. Burnam, W. L. McKeen and Virgil Dorbandt.

H. S. Beard, Waco, for J. E. Breedlove, W. H. Breedlove and W. H. Swanner, appellees.

ARCHER, Chief Justice.

This is an appeal under Section 20 of Article 911b, Vernon's Ann.Civ.St. by H. L. Roberdeau and others as parties dissatisfied with certain orders of the Railroad Commission of Texas entered after notice and hearing, dividing specialized motor carrier certificate No. 6518 and specialized motor carrier certificate No. 6682, and approving the sale and transfer of specialized motor carrier certificate No. 6518 after division, specialized motor carrier certificate No. 8503 created from certificate No. 6682 by division and specialized motor carrier certificate No. 6586.

Appellants' suit is a direct attack upon these orders and a collateral attack upon the original orders of the Commission creating certificate No. 6518, certificate No. 6682, and certificate No. 6586 to the extent

that such orders authorized the transportation of household goods, used office furniture and equipment.

The trial was to the court without a jury and at the conclusion thereof the court rendered judgment upholding the validity of the orders of the Commission in suit, and decreed that appellants take nothing by their suit.

This appeal is based on three points assigned by the appellants as error in the trial of the case, and the resulting judgment:

"First: The trial court erred in not holding that the original orders of the Railroad Commission issued pursuant to the original applications for Certificates Nos. 6518, 6682 and 6586 were void under Section 5a (d) of Article 911b, insofar as authority to transport household goods, used office furniture and equipment is concerned, and subject to collateral attack, because of the failure of the Commission to make requisite statutory findings of fact pointing out the inadequacies of the services and facilities of existing carriers and the public need for the proposed service; wherefore, the original and newly-created household goods certificates could not legally authorize the service proposed by the appellee-purchasers, and the orders of the Commission appealed from are void because based on previous void orders.

"Second: The trial court erred in not holding that the original orders of the Railroad Commission, original Certificates Nos. 6518, 6682 and 6586 issued pursuant thereto, and the orders of the Commission approving the division of the certificates, the creation of new certificates, and the sale and transfer of the new certificates to the appellee-purchasers, do not authorize a motor carrier service in the transportation of household goods and used office furniture and equipment, with Austin and Waco as the base of operations and as the location of the service from the standpoints of terminal facilities, motor carrier equipment, personnel, advertising, solicitation and availability of the service to the public.

"Third: The trial court erred in not holding that the orders of the Railroad Commission approving the division of old

Certificates Nos. 6518 and 6682, the creation of new household goods certificates, and the sale and transfer of the new certificates containing the household goods authority of the old certificates, and of old Certificate No. 6586, to the appellee-purchasers, were arbitrary and void."

The appellees by counter points assert that the original orders are valid and lawful, that the orders authorized the transportation of household goods, etc., within the specified radius, etc., and that the division orders authorize the transportation of the same commodities in the same territories. That the action of the Commission in entering the said division and sale orders, as it did, is a reasonable and lawful exercise of the power granted the Commission and are valid.

In August 1943, Fred Worcester of Marble Falls, Texas, applied to the Commission for authority to transport livestock, feedstuffs, wool, timber and household goods to and from all points in a radius of 50 miles of Marble Falls, and to and from all points within a 300-mile radius of Marble Falls, Texas; setting out equipment, alleging type of territory, location, need for service, etc., good faith and willingness to comply with rules, etc., requested notice and hearing. This application was given the number 6518.

On October 18, 1943, the Commission entered its order:

"The Commission finds from the evidence and records relating to the application that the existing facilities are inadequate and that there is a demand and need for the service as proposed and granted in this order.

"The Commission further finds that applicant's proof of financial responsibility is satisfactory; that the equipment proposed to be used in the operation meets all legal requirements and regulations of the Commission regarding safety devices, dimensions, etc., that the public highways over which applicant proposes to operate are of such type of construction and in such state of repair as to permit the operation without unduly interfering with the use of said highways by the general public for ordinary highway purposes.

"Therefore, after considering the evidence, the law and its own regulations, the Commission is of the opinion and finds that a public necessity exists for the service, that public convenience will be promoted by granting said application and the same is hereby granted for a Specialized Motor Carrier Certificate authorizing the following service:

"To transport: household goods and used office furniture and equipment from all points within a 50-mile radius of Marble Falls, Texas, to all points in Texas and vice versa, but the transportation of such commodities is *prohibited* from dealer to dealer

\* \* \* \* \* \* \*

"*Highway Restrictions*. With the exception of household goods, used office furniture and equipment, the transportation of all other commodities is *prohibited* over the following restricted highways. \* \* \* (naming the highways)."

The order, in part, is:

"This Certifies that the public convenience and necessity require such operation and permission is hereby granted to: Fred Worcester, whose principal address is Marble Falls, Texas, to operate a specialized motor carrier service, as follows, within the State of Texas:

"To Transport: Household Goods and Used Office Furniture and Equipment from all points within a 50-mile radius of Marble Falls, Texas, to all points in Texas and vice versa, but the transportation of such commodities is *prohibited* from dealer to dealer."

The certificate authorized the transportation of livestock, wool and mohair, timber, etc.

Virgil Dorbandt purchased this certificate from Worcester.

On April 14, 1950, the Commission, on application, divided old certificate No. 6518 and created a new certificate to bear the number 8527, with authority to transport household goods and used office furniture and equipment from all points within a 50 mile radius of Marble Falls, Texas, to all points in Texas and vice versa; and "to authorize under a new certificate to bear the number 8527, the authority to transport livestock between all points within a 50 mile radius of Marble Falls, Texas, and from all such points to all points within a 300 mile radius of Marble Falls and vice versa, livestock feedstuffs and farm machinery to and from farms and ranches within a 50 mile radius of Marble Falls, Texas, wool and mohair to and from all points within a 50 mile radius of Marble Falls and from all points within such radius to all points within a 100 mile radius of San Angelo, timber in its natural state and grain from all points within a 50 mile radius of Marble Falls to all points within a 300 mile radius thereof, and vice versa.

"The Commission finds that the division of such certificate will not be against public interest and that more satisfactory service can be maintained after the separation of that portion which is to be designated by Certificate No. 8527. The applicant gives as his reason for desiring the division that he will sell both the old certificate No. 6518 and the newly created certificate No. 8527.

"Therefore, after carefully considering the evidence, the law, and its own rules and regulations, the Commission is of the opinion that the application to divide Specialized Motor Carrier Certificate No. 6518 should be approved. Accordingly, it is

"Ordered by the Railroad Commission of Texas that the application of Virgil Dorbandt to divide Specialized Motor Carrier Certificate No. 6518, Be, and the same is hereby Granted."

On April 10, 1950, the Commission took up for consideration the application of Virgil Dorbandt for the approval of the Commission of the sale and transfer of SMC Certificate No. 6518, and W. L. McKeen, dba Red Ball Transfer & Storage, to purchase.

"Therefore, after duly considering the evidence, the law and its own rules and regulations, the Commission is of the opinion that the application to sell and transfer such certificate should be approved."

On June 21, 1944, Burnam and Lechow made application to the Commission for a certificate to authorize the transportation

of household goods, etc., from all, points within a 50-mile radius of Marble Falls, Texas, to all points in Texas, and vice versa; livestock, wool, feed, etc., within a radius of from 200 to 350 miles of Marble Falls, Texas; and requested notice and hearing, and set out certain contentions as to the need of such service. On July 24, 1944, the Commission made findings as to the need for the service and entered its order No. 6682, as follows:

"Therefore, after carefully considering the evidence, the laws, and its own records, rules and regulations, the Commission is of the opinion that the application should be Granted. Accordingly it is

"Ordered by the Railroad Commission of Texas that the application of R. M. Burnam and G. G. Lechow, dba Burnam and Lechow, for a specialized motor carrier certificate, Be, and the same is hereby granted as follows:

"To Transport: Household Goods, used office furniture and equipment from all points within a 50 mile radius of Marble Falls to all points in Texas, and vice versa;

"Livestock from all points within a 50 mile radius of Marble Falls to all points within a 350 mile radius thereof, and vice versa;

"Livestock feedstuffs, farm machinery and grain from farms and ranches within a 50 mile radius of Marble Falls to all points within a 350 mile radius thereof, and vice versa;

"Wool and mohair from farms and ranches within a 50 mile radius of Marble Falls to concentration points, warehouses and rail shipping points within a 150 mile radius of Marble Falls.

"The transportation of Household goods, used office furniture and equipment, livestock feedstuffs, farm machinery and grain is prohibited from dealer to dealer."

On the 7th of September 1944, the Commission issued its Specialized Motor Carrier's Permanent Certificate of Convenience and Necessity, No. 6682, to Burnam and Lechow to transport the goods, livestock and other articles as therein set out and as hereinabove set out.

On March 13, 1950, the Commission took up the application (No. 8503) of Burnam for the division of certificate No. 6682 so as to create a new certificate, No. 8503, authorizing the transportation of household goods, etc.; and after making findings as to ownership of certificate No. 6682, and as to public interest, and as to sale of that portion of the certificate to be numbered 8503, entered its order:

"Therefore, after carefully considering the evidence, the law, and its own rules and regulations, the Commission is of the opinion that the application to divide Specialized Motor Carrier Certificate No. 6682 should be approved. Accordingly, it is

"Ordered by the Railroad Commission of Texas that the application of R. M. Burnam to divide Specialized Motor Carrier Certificate No. 6682, Be, and the same is hereby Granted."

On March 15, 1950, the Commission, after notice and hearing, entered its order:

"The Commission finds that the application to sell and transfer Specialized Motor Carrier Certificate No. 8503 is made in good faith; that the purchase price of such certificate is $2,000.00; that the purchaser, Jeff Miller Rhoades, dba Rhoades Transfer & Storage Company, is financially able and capable of performing and maintaining the service as authorized by such certificate; that the equipment proposed to be used in such operation by the purchaser meets the requirements of the law, and the rules and regulations of this Commission with respect to safety devices, dimensions, etc; and that the purchaser agrees to conduct such motor truck operation in the same manner as heretofore authorized. Therefore, after duly considering the evidence, the law, and its own rules and regulations, the Commission is of the opinion that the application to sell and transfer such certificate should be approved. Accordingly, it is

"Ordered by the Railroad Commission of Texas that the application of R. M. Burnam for the approval of the Commission of the sale and transfer of Specialized Motor Carrier Certificate No. 8503, and Jeff Miller Rhoades, dba Rhoades Transfer & Stor-

age Company, to purchase, Be, and the same is hereby in all things. Approved."

Certificate No. 6586 was issued to J. E. Cook and J. C. Cook on February 29, 1944, after application, notice and hearing, and findings made by the Commission as to the sufficiency of the highways and as to public necessity and convenience, authorizing the following service:

"To Transport:

"Over irregular routes and on irregular schedules using all practicable highways in Texas within the area.

"Household goods, used office furniture and equipment from all points in Limestone, Freestone, Falls and Robertson Counties, to all points in Texas, and vice versa, But the transportation of such commodities is Prohibited from dealer to dealer.

"Livestock, livestock feedstuffs, grain, farm machinery and timber in its natural state from points and places in the counties of Limestone, Freestone, McLennan, Falls and Robertson, to all points in Texas within a three hundred mile radius of Groesbeck and vice versa; But the transportation of livestock feedstuffs, farm machinery and grain is Prohibited from dealer to dealer.

"With the exception of household goods, used office furniture and equipment, the transportation of all other commodities is Prohibited over the following restricted highways. * * *"

On March 25, 1946, the Commission took up for consideration the application of Cook on docket No. 6586, to make permanent SMC certificate No. 6586, and after notice and hearing the Commission made findings as to the need for the service, the condition of the highways, and as to public necessity and convenience for the service, and entered its order:

"Therefore, after carefully considering the evidence, the laws, and its own records, rules and regulations, the Commission is of the opinion that the application should be granted. Accordingly, it is ordered by the Railroad Commission of Texas that the application of J. E. Cook and J. C. Cook for an amendment of their certificate authorizing operation of a specialized motor carrier service, Be, and the same is hereby Granted, as follows:

"To Transport:

"Household goods, used office furniture and equipment, from all points in Limestone, Freestone, Falls and Robertson Counties and all points within a 50 mile radius of Groesbeck, Texas, to all points in Texas, and vice versa;

"Livestock from all points in Limestone, Freestone, McLennan, Falls, and Robertson Counties and all points within a 50 mile radius of Groesbeck to all points within a 300 mile radius thereof, and vice versa;

"Livestock feedstuff, farm machinery, grain, and timber in its natural state from farms and ranches and feed barns in Limestone, Freestone, McLennan, Falls, and Robertson Counties and all points within a 50 mile radius of Groesbeck to all points within a 300 mile radius thereof, and vice versa:

"The transportation of household goods, used office furniture & equipment, livestock feedstuff, farm machinery and grain is Prohibited from dealer to dealer."

Certificate was issued on April 17, 1946, authorizing the transportation of the articles set out in the order not necessary to here repeat.

Certificate No. 6586, issued July 6, 1948, authorized George Cook, who had purchased it from J. E. and J. C. Cook, to operate a SMC service within a 50-mile radius of Groesbeck to all points within a 300-mile radius thereof, and vice versa.

On April 17, 1950, the Commission took up for consideration the sale and transfer of SMC Certificate No. 6586, and subsequent to a hearing entered its order as follows:

"Accordingly, it is ordered by the Railroad Commission of Texas that the application of George Cook for the approval of the Commission of the sale and transfer of Specialized Motor Carrier Certificate No. 6586, and J. E. Breedlove, W. H. Breedlove, and W. H. Swaner, dba Breedlove's Transfer & Storage, to purchase, Be, and the same is hereby in all things Approved.

"The Holder of this Certificate is hereby authorized to operate in the same manner and under the same rules and regulations as heretofore authorized under such certifi-

cate, and using in said operation the number of trucks as shown by the last equipment record."

The transcripts of testimony before the Commission on March 28, 1950, in Docket No. 8527 and Docket No. S–2737; and on February 28, 1950, in Docket No. 8503 and Docket No. S–2709; and on April 6, 1950, in Docket No. S–2723, were received as original evidence by the court, without objection by appellee Railroad Commission of Texas. By agreement of the parties and order of the court these transcripts accompany the statement of facts in original form.

The statement of facts in this case which is a consolidation of three original suits, Nos. 86,720, 86,549 and 86,840, in the District Court by agreement of parties and order of the court, we have read and we have also reviewed the transcripts of testimony mentioned.

The orders appear regular on their face and are valid. This action was commenced more than four years after the entry by the Commission of the several orders and comes too late. Texas & N. O. Ry. Co. v. Greer, Tex.Civ.App., 117 S.W.2d 148, Er. Dis.; Houston & North Tex. Motor Freight Lines v. Johnson, 140 Tex. 166, 166 S.W.2d 978.

Appellants contend in their first assignment of error that the original orders granting specialized motor carrier certificates Nos. 6518, 6682 and 6586 are void, and as such are subject to collateral attack in so far as they authorized the transportation of household goods, etc., within the specified radius, on the grounds that the Commission did not comply with the provisions of Section 5a(d), of Article 911b, V.A.C.S., in setting forth in such orders detailed findings of fact, etc.

We overrule this assignment of error since we believe that the findings of the Commission are sufficient and the orders are valid and are in substantial compliance with the statute. The Commission's orders are not subject to the same critical scrutiny as is accorded those of a court, and its orders will be upheld if they have a valid basis. Art. 911a, Secs. 6–7, V.A.C.S.; Art. 911b, Sec. 6(d), V.A.C.S.; Kerr-

ville Bus Co. v. Continental Bus System, Tex.Civ.App., 208 S.W.2d 586; Southwestern Greyhound Lines, Inc., v. Railroad Commission, Tex.Civ.App., 208 S.W.2d 593.

The orders of the Commission are presumed valid until the contrary is shown. Webster v. Texas & Pacific Motor Transport Co., 140 Tex. 131, 166 S.W.2d 75; Wattenburger v. Railroad Commission of Tex., Tex.Civ.App., 231 S.W.2d 924.

By appellants' second point the issue is raised that the orders, approving the division of the certificates and the sale thereof, do not authorize a motor carrier service in the transportation of household goods, etc., with Austin and Waco as the base of operation for terminal facilities, etc.; and by their third assignment appellants say that orders of the Commission, in approving the division of old certificates Nos. 6518 and 6682, and the creation of new household goods certificates, and the sale and transfer of the new certificates and certificate No. 6586 to the respective purchasers, were arbitrary and void, and in support thereof allege that the newly created household goods certificates do not authorize the use which will be made by the appellees.

The original certificates authorized the transportation of household goods, used office furniture and equipment in the area, and as proposed by the purchaser nothing new is added.

The Commission has not restricted the holders of specialized motor carrier certificates to location of equipment or terminals. The Commission in its official interpretation of an order makes such a part of the order. West Texas Compress & Warehouse Co. v. Panhandle & S. F. Ry. Co., Tex.Com.App., 15 S.W.2d 558; Sunset Express v. Gulf C. & S. F. Ry., Tex.Civ.App., 154 S.W.2d 860, Er.Ref.W.O.M.; Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424.

Appellants cite Alamo Express, Inc., v. Brown Express, Tex.Civ.App., 234 S.W.2d 62, Writ Ref.N.R.E.

We do not believe this decision to be controlling in the instant case. The trial court found: " * * * In the temporary

certificate issued pursuant to said application, the Railroad Commission failed to include any intermediate points between San Antonio and Mathis on State Highways Nos. 16 and 12, which amounted to a denial to the applicant of the right to perform a common carrier motor carrier service to said points. Certificate No. 2339, issued by the Railroad Commission under date of September 12, 1929, did not authorize the holder thereof to perform a common carrier motor carrier service to intermediate points between San Antonio and Mathis on State Highways Nos. 16 and 12. The application filed by J. G. Allala under the 1929 Act did not relate to or seek a certificate authorizing common carrier motor carrier operations to any city or town or over any highways other than the cities and towns located on State Highways Nos. 16, 12 and 12b, and Certificate No. 2339 issued pursuant thereto under date of September 12, 1929, did not authorize the holder thereof to serve the cities and towns of Raymondville, * * *."

This finding was adopted by the Court of Civil Appeals.

Cancellation of a permit or certificate through discontinuance is a matter, by statute, addressed to the Commission under powers conferred by Sec. 12(b) of Art. 911b. Wattenburger v. Railroad Commission of Texas, Tex.Civ.App., 231 S.W.2d 924, Er.Ref.N.R.E.

The statute, Article 911b, Section 5a, reads, in part: "Any certificate held, owned, or obtained by any motor carrier operating as a 'specialized motor carrier' under the provisions of this Act, may be sold, assigned, leased, transferred, or inherited; provided, however, that any proposed sale, lease, assignment, or transfer shall be first presented in writing to the Commission for its approval or disapproval, and the Commission may disapprove such proposed sale, assignment, lease, or transfer if it be found and determined by the Commission that such proposed sale, assignment, lease, or transfer is not in good faith or that the proposed purchaser, assignee, lessee, or transferee is not able or capable of continuing the operation of the equipment proposed to be sold, assigned, leased, or transferred in such manner as to render the services demanded by the public necessity and convenience in the territory covered by the certificate, or that said proposed sale, assignment, lease, or transfer is not best for the public interest; * * *."

With reference to departmental construction, this court said in Foster v. Railroad Commission, Tex.Civ.App., 215 S.W.2d 267, 269: "The interpretation which we have placed upon Art. 911a is advocated not only by the Railroad Commission but by intervenor, Union Bus Lines, Inc. The fact that this law was passed in 1927 and that the Commission is disclaiming jurisdiction indicate that for twenty-one years the law has been in force without the Commission regulating the type of transportation here involved. This non-action for such a period of time suggests a departmental construction which has great weight with the courts in the construction of an uncertain statute."

The Commission has the authority to enter the orders under question and to authorize division of a certificate. Houston & North Tex. Motor Freight Lines v. Johnson, 140 Tex. 166, 166 S.W.2d 78.

We believe that the evidence is substantial and offers reasonable support for the division and sale of the orders under attack, and that the proposals for transfer thereof were in good faith and to be in the public interest. Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022; Miller v. Tarry, Tex.Civ.App., 191 S.W.2d 501.

The judgment of the trial court is affirmed.

Affirmed.

On Appellants' Motion for Rehearing.

On February 7, 1951, we handed down our opinion and rendered judgment upholding the trial court's judgment in this cause, and on the same date our Supreme Court rendered its decision in the case of Thompson, Trustee v. Hovey Petroleum Company et al., Tex.Sup., 236 S.W.2d 491.

The appellants have filed a motion for rehearing and have moved this court to

set aside our judgment and to reverse and render this cause.

The original orders of the Commission are similar in verbiage, and the Order, Docket No. 6682, reads:

"Order Granting Specialized Motor Carrier Certificate

"Railroad Commission of Texas Motor Transportation Division Motor Carrier Docket No. 6682.

"Application of R. M. Burnam and G. G. Lechow, DBA Burnam and Lechow, for a SMC Certificate Authorizing the Transportation of Household Goods and Used Office Furniture and Equipment from All Points Within a 50 Mile Radius of Marble Falls to All Points in Texas; and Vice Versa; Livestock from All Points Within a 50 Mile Radius of Marble Falls to All Points Within a 350 Mile Radius Thereof and Vice Versa; Livestock Feedstuffs, Farm Machinery, and Grain from Farms and Ranches Within a 50 Mile Radius of Marble Falls to All Points Within a 350 Mile Radius Thereof and Vice Versa; Wool and Mohair from Farms and Ranches Within a 50 Mile Radius of Marble Falls to All Points Within a 150 Mile Radius Thereof.

"Austin, Texas Jul 24 1944

"Order

"By the Commission:

"On July 24, 1944, the Railroad Commission of Texas took up for consideration the above styled application, which was filed on June 21, 1944, and due and legal notice of the time and place of hearing having been given to the applicant, to all interested parties and to the public generally, was heard at the Driskill Hotel, in the City of Austin, Texas, on July 19, 1944.

"The Commission Finds from the evidence that the application proposes the operation of a specialized motor carrier service transporting the commodities described in the application; the Commission finds from the evidence that the type of service proposed by the applicant from farms and ranches and to farms and ranches on most of these commodities is not ordinarily performed by the common carrier motor carriers operating on regular routes, nor by the railroads.

"The Commission Further Finds from the evidence and from its own records that satisfactory proof has been made by the applicant of his financial responsibility; that the equipment proposed to be used by him in said operation meets the requirements of the laws of the State of Texas in regard to safety devices, dimensions, etc.; and that the highways designated in the application are of such type of construction and maintenance and subject to such use as to permit of the use sought to be made by the applicant without unreasonable interference with the use of such highways by the general public for highway purposes.

"The Commission Further Finds from the evidence and its own records, after considering the existing transportation facilities, and demand for the need of the additional service that the service and facilities of the existing carriers serving the territory are inadequate; that there exists a public necessity for such service; and that the public convenience will be promoted by the granting of said application and permitting the operation of motor vehicles on the highways designated in said application as a common carrier for hire.

"Therefore, after carefully considering the evidence, the laws, and its own records, rules and regulations, the Commission is of the opinion that the application should be Granted. Accordingly it is

"Ordered by the Railroad Commission of Texas that the application of R. M. Burnam and G. G. Lechow, dba Burnam and Lechow, for a specialized motor carrier certificate, Be, and the same is hereby granted as follows:

"To Transport:

"Household Goods, Used Office Furniture and Equipment from all points within a 50 mile radius of Marble Falls to all points in Texas, and vice versa;

"Livestock from all points within a 50 mile radius of Marble Falls to all points within a 350 mile radius thereof, and vice versa;

"Livestock Feedstuffs, Farm Machinery and Grain from farms and ranches within a 50 mile radius of Marble Falls to all points within a 350 mile radius thereof, and vice versa;

"Wool and Mohair from farms and ranches within a 50 mile radius of Marble Falls to concentration points, warehouses and rail shipping points within a 150 mile radius of Marble Falls.

"The transportation of Household Goods, Used Office Furniture and Equipment, Livestock Feedstuffs, Farm Machinery and Grain is prohibited from dealer to dealer.

"With the exception of Household Goods, Used Office Furniture and Equipment and Livestock, the transportation of all other commodities is restricted over the following highways, but this restriction shall not be effective until after World War II:

"U. S. Highway 80—Mineral Wells to Longview.

"U. S. Highway 81—Ringgold to San Antonio.

"U. S. Highway 75—Oklahoma State Line to Galveston.

"U. S. Highway 77—Gainesville to Hillsboro.

"It Is Further Ordered by the Commission that all equipment to be used under the authority herein granted is restricted to that owned by the appellant and shall not exceed the number as shown by the last equipment report.

"It is Further Ordered by the Commission that all authority requested in said application not hereinabove granted is hereby expressly Denied.

"This Order shall not become effective until actually signed by the Commission and accordingly so dated.

"Railroad Commission of Texas
"Beauford Jester
"Chairman
"Olin Culberson

"Commissioner
"Commissioner.

"Attest:
"L. D. Ransom,
"Secretary."

■ We do not now believe, in view of the decision of our Supreme Court in the Thompson v. Hovey case, above referred to, that the orders are sufficiently full and complete to meet the requirement of the statute under the holding in the Thompson v. Hovey case, and that the certificates issued thereunder were void. Art. 911b, Sec. 5a(d), V.A.C.S.

The motion is granted, and the judgment heretofore rendered is set aside, the judgment of the trial court is reversed and judgment is here rendered for appellants.

Motion granted; judgment of the trial court is reversed, and judgment here rendered for appellants.

On Appellees' Motions for Rehearing.

PER CURIAM.

In attempting to distinguish the case of Thompson v. Hovey Petroleum Company, Tex.Sup., 236 S.W.2d 491, in which case the Railroad Commission did not file a motion for rehearing, the Commission says that the order under review in that case "did not contain a finding, as the statute requires, that there existed a public necessity for the proposed service." This is incorrect. The order in that case expressly found: "The Commission Further Finds from the evidence and its own records, after [carefully] considering the existing transportation facilities, and demand for the need of the additional service that the service and facilities of the existing carriers serving the territory are inadequate; * * * and that the public convenience will be promoted by the granting said application and permitting the operation of motor vehicles on the highway designated in said application as a common carrier for hire.[1] "

1. Thompson v. Railroad Commission, Tex. Civ.App., 232 S.W.2d 139, 144, Writ of Error Granted. The description of the orders involved made in this case was adopted by the Court of Civil Appeals in the Hovey case. 232 S.W.2d 146, 147.

898

■ Inadequacy of existing services creates a public necessity for additional services. Kerrville Bus Co. v. Continental Bus System, Tex.Civ.App., 208 S.W.2d 586, Austin, Writ Ref.N.R.E.

The Commission further says in its motion for rehearing that: "The judgment of this Honorable Court filed April 18, 1951, would to a large extent nullify the work of the Commission for the last ten (10) years in the regulation of transportation of property for hire over the highway under House Bill 351 [Vernon's Ann. Civ.St. art. 911b]. If the orders appellants attack collaterally are void most of the orders entered by the Commission pursuant to House Bill 351 granting Specialized Motor Carrier Certificates are also void, including every order entered granting certificates to appellants authorizing the transportation of household goods."

As to this we need only say that in both the Hovey case and in our original opinion in this case we wrote what the Commission and this court thought the law to be. Our error in the Hovey case has been adjudicated by the Supreme Court and it is our duty to apply the law as there announced, without regard for the consequences.

The motions are overruled.

Overruled.