HOUSTON & NORTH TEXAS MOTOR FREIGHT LINES ET AL V. W. A. JOHNSON ET AL.

No. 7959. Decided November 11, 1942.
Rehearing overruled December 16, 1942.
(166 S. W., 2d Series, 78.)

*Carl L. Phinney,* of Dallas, *Chas. F. Herring, Looney & Clark* and *Everett L. Looney,* all of Austin, for petitioners.

The order granting the certificate was void for the reason that it was the individual act of two commissioners and not an order of the Commission, as such. People v. Whitridge, 144 App. Div. (N. Y.) 486, 129 N. Y. S. 295, affirmed in 204 N. Y. 646; City of Floydada v. Gilliam, 111 S. W. (2d) 761; State v. Chicago & N. W. Co., 179 N. W. 378.

*Locke, Locke, Dyer & Purnell, Adair Dyer,* all of Dallas, *Culbertson, Morgan, Christopher & Bailey, T. S. Chrisotpher,* all of Fort Worth, and *H. Grady Chandler,* of Austin, for respondents.

The order having been executed by a majority of the Commission and attested by the secretary, a presumption arose that the Railroad Commissioners had performed their duty in the rendition and issuance of said order and that they held whatever meetings were required by law, in the absence of evidence to the contrary. Railroad Com. v. McDonald, 90 S. W. (2d) 581; City of San Antonio v. Newman, 218 S. W. 128; Sunshine Bus Lines v. Railroad Com. 148 S. W. (2d) 228.

MR. JUSTICE ALEXANDER delivered the opinion of the Court.

W. A. Johnson was the owner of a common carrier motor certificate authorizing him to operate a motor line over the highways of this State, from Dallas, through Fort Worth, to Rising Star. He applied to the Railroad Commission for permission to divide this certificate so as to authorize him to operate two routes—one to run from Dallas to Fort Worth, and the other from Fort Worth to Rising Star—and for an approval of the sale to the Southwestern Transportation Company of that portion of the certificate which permitted him to operate from Dallas to Fort Worth. The application was granted by the Railroad Commission, and on appeal to the district court the ruling of the Commission was sustained. The judgment of the district court was affirmed by the Court of Civil Appeals. 159 S. W. (2d) 905.

■ The record discloses that the application in question was never considered nor passed on by the Railroad Commission as a body at a meeting held for that purpose. After the application was filed an examiner conducted a hearing and made his report. The examiner then took the record to Mr. Smith, Chairman of the Commission, and he noted thereon his approval of the application. The record was then carried to the office of Colonel Thompson, another member of the Commission, and he made the same notation. Mr. Sadler, the third member of the Commission, took no part in the consideration of the application. Commissioners Smith and Thompson did not meet for the purpose of passing on the application, but each of them considered and passed upon it separately and apart from the other. Mr. Sadler had no notice that either of them had the matter under consideration. From the above it is clear that the application was never considered nor passed upon by the Commission acting as a body at a stated meeting, or one properly called, and of which all the members of the Commission had notice or an opportunity to attend.

In the case of M. R. & M. S. Webster v. The Texas & Pacific Motor Transport Co., this day decided, (This volume, p. 131) we held that in order for an order of the Railroad Commission to be valid it was necessary that the Commission act thereon as a body at a stated meeting, or one properly called, and of which all the members had notice or an opportunity to attend. Under a similar state of facts as that shown by this record we therein held that the purported order of the Railroad Commission

was invalid. We adhere to that ruling in this case, and here hold that the purported order of the Railroad Commission approving the application in question is invalid. This requires a reversal of the judgments of the trial court and the Court of Civil Appeals.

■ In view of the fact that the same application may again be presented to the Commission for its consideration, there is another point raised in the briefs which we deem it advisable to discuss. It is urged by the contestants that the Railroad Commission has no authority to permit the division of a motor carrier certificate into two or more parts, and to approve the sale of less than the whole thereof. We find nothing in the statute that would appear to sustain this contention. Article 911b, Vernon's Texas Statutes, authorizes the Railroad Commission to grant certificates of convenience and necessity to motor carriers for the transportation of property over the highways of the State. It also authorizes the sale of such certificates upon the approval of the Railroad Commission. Section 4 (d) of the same Article provides:

"Sec. 4 (d) The Commission is further authorized and empowered, and it shall be its duty, to supervise and regulate motor carriers in all matters whether specifically mentioned herein or not so as to carefully preserve, foster and regulate transportation and to relieve the existing and all future undue burdens on the highways arising by reason of the use of the highways by motor carriers, adjusting and administering its regulations in the interests of the public."

Since the Commission by this Act is vested with full authority to grant such certificates and to approve the sale thereof, and to supervise and regulate motor carriers for the purposes and to the extent above provided for, we see no reason why it should not be held that it has authority, under the above Act, to permit the division of the route covered by a certificate into two or more parts and the sale of a portion thereof to a third party. In other words, if the Commission had the authority in the first instance to have granted one certificate to run from Dallas to Fort Worth and another from Fort Worth to Rising Star, instead of granting one certificate for the through route from Dallas to Rising Star, as it did, we see no reason why, under the broad powers embodied in the foregoing Act, it should not be permitted upon request of the owner to divide

the certificate previously granted, and to permit a sale of portions thereof to different purchasers.

It is true that perhaps a different procedure would have to be followed in order to authorize the division of a certificate from that followed in approving a sale. In order to authorize the granting of a certificate of convenience and necessity, notice must be given to the public and to the owners of existing transportation facilities serving the same territory, and there must be showing of a necessity for such certificate, and that the public interest will be adequately served thereby. Art. 911b, secs. 9 to 12. Compliance with many of these requirements is not necessary in order to authorize the sale of a certificate. Art. 911b, sec. 5. Since the division of an existing certificate into two parts is, in effect, the equivalent of the granting of two new certificates, and since two short routes might not adequately serve the public interests in the same manner as one through route over the same territory, it would seem that in order to authorize the division of the existing certificate into two parts the same procedure should be followed as is required for the granting of a new certificate in the first instance.

The judgment of the trial court and the Court of Civil Appeals are reversed, and the order of the Railroad Commission granting the application is set aside, but without prejudice to the rights of the Railroad Commission to again consider the application.

Opinion delivered November 11, 1942.

Rehearing overruled December 16, 1942.