# THE ATTORNEY GENERAL
## OF TEXAS



Gerald C. Mann
XXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable F. C. Bolton
Acting President
A. & M. College
College Station, Texas

Dear Dr. Bolton:

Opinion No. 0-5667
Re: Whether the Board of Directors of
Texas A. & M. College may delegate to
the President of the College, or to
some other officer of the College the
power to sign on behalf of the College,
rental contracts executed in accordance
with the provisions of S.B. 266, 48th
Legislature.

We acknowledge receipt of your inquiry concerning the above sub-
ject matter, as follows:

"We have been advised by the State Board of Control that rental contracts
executed by the College, in accordance with the provisions of Senate Bill
No. 266, passed by the Forty-eighth Legislature, must be signed by each mem-
ber of the Board of Directors, of the College.

"Based on former opinions from your office, we are of the opinion that such
contracts, even though signed by each of the members of the Board of Direc-
tors individually, do not bind the College, or the State; and that the more
appropriate manner would be for the Board of Directors to authorize an indi-
vidual to sign int.

"In order to expedite the signing of these contracts, may we ask you to ad-
vise us whether the Board of Directors of the College can delegate to the
President of the College or some other officer of the College the power to
sign on behalf of the College rental contracts executed in accordance with
the provisions of the above named Act."

We beg to advise that your inquiry should be answered in the
affirmative.

It is thoroughly settled law in this State that a State Board,
such as the Board of Directors of the Agricultural and Mechanical College,
may not delegate any of its official or governmental powers to another.
The power conferred by law upon a State officer, board member, or State
functionary whatsoever, is personal, in that it carries with it a personal
trust exclusive in its nature, and therefore the same may not be delegated

to another insofar as it embodies an official or governmental discretion whatsoever. Mere matters of clerical or ministerial duty may be performed by others, to be sure, but the execution of a lease instrument, such as is contemplated by Senate Bill No. 266, is not such clerical or ministerial act, but, on the contrary, is the doing of an official act involving a sound discretion, and may not be done except by the officer or board in whom the trust is confided and the duty imposed.

In the case of a board, the statutory power or authority is to be executed by the board as a body. That is to say, at a meeting of the board duly assembled, and not by the individual and separate action of the members otherwise than as a body.

In Webster v. Texas and Pacific Motor Transport Co., 166, S.W. (2) 75, Chief Justice Alexander, speaking for the Supreme Court, said:

"It is a well-established rul in this State, as well as in other states, that where the Legislature has committed a matter to a board, bureau, commission, or other administrative agency, such board, bureau, or commission must act thereon as a body at a stated meeting, or one properly called, and of which all the members of such Board have notice, or of which they are given opportunity to attend. Consent or acquiescence of, or agreement by the individual members acting separately, and not as a body, or by a number of the members less than the whole acting collectively at an unscheduled meeting, without notice or opportunity of the other members to attend, is not sufficient."

The same thing was held in Houston & North Texas Motor Freight Lines v. Johnson, 166 S.W. (2d) 78, on the same day. Many cases were cited by the Chief Justice in support of the ruling.

This Department has uniformly rendered opinions to the same effect, notably, Opinions Nos. O-5366, O-5296, O-1126, O-5292, and O-5333.

Where, however, the Board has duly acted as a body, it may, by appropriate resulution, authorize the President, or any other officer of the College, to execute the instrument in the name, for and on behalf of the Board.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Ocie Speer

Ocie Speer
Assistant

OS-MR:3gw

APPROVED NOV 26, 1943
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS
APPROVED: Opinion Committee, By BWB Chairman