## L. A. NORRIS TRUCK LINE et al. v. RAIL-ROAD COMMISSION et al.

### No. 10009.

Court of Civil Appeals of Texas. Austin.

Jan. 16, 1952.

Rehearing Denied Feb: 6, 1952.

John H. Benckenstein, Beaumont, for appellant.

Price Daniel, Atty. Gen., Everett Hutchinson, Executive Asst., for appellee, R. Commission.

A. M. Felts, Austin, for appellees, B. R. Stuart, L. D. Hunter, Stuart Pipeline Co. and R. Y. Williams.

ARCHER, Chief Justice.

This is an appeal under Section 20 of Article 911b, Vernon's Annotated Civil Statutes, by L. A. Norris Truck Line and others as parties dissatisfied with certain orders of the Railroad Commission of Texas entered after notice and hearing, dividing Specialized Motor Carrier Certificate No. 5893 and approving the sale and transfer of Specialized Motor Carrier Certificate No. 8484, after division out of Certificate No. 5893, to appellees B. R. Stuart and L. D. Hunter, dba Stuart Pipeline Company. Appellants' suit is a direct attack upon these orders.

The trial was to the court without a jury and at the conclusion thereof the court rendered judgment upholding the validity of the orders of the Commission in suit, and decreed that appellants take nothing by their suit.

The appeal is before the court on thirteen points assigned as error, and are to the effect that the division of Certificate No. 5893 is against public interest, and that there was no substantial evidence that the division was made in public interest and in good faith; and that the proposed sale of the right to transport oil-field equipment sought to be divided from said certificate, and placed in Certificate No. 8484 is not in good faith; and that there is no substantial evidence that the sale and transfer was made in good faith, and is not in public interest; and that there is no substantial evidence to the effect that the approval of such sale was made in public interest and in good faith; that the vendor had abandoned the right to transport oil-field equipment prior to the filing of the application to divide Certificate No. 5893 and such right was dormant, and there was no evidence to the contrary. That the vendees are neither capable nor able to render the public convenience and necessity required by said certificate, and there was no evidence that the vendees were capable or able to render the public necessity and convenience required by said certificate as divided and transferred to them; that the orders of the Commission approving the division and sale of the divided portion of Certificate No. 8484 are unreasonable, arbitrary, discriminatory and unlawful, and that such approval of the division and sale of said certificate will impair the service to the public; and finally, that the said order did not include full and complete findings of fact pointing out in detail the inadequacies of the existing carriers.

The appellees Stuart et al make seven counter points to the points made by appellants, and are that the division and sale of the certificate were in good faith, in the public interest, and there was no evidence that the transferees are not capable of operating the same, and the action of the Commission in approving the division and sale is not unreasonable or unlawful, and such orders contained sufficient findings of fact; that the question of the abandonment or dormancy of any portion of the certificate, are for the Commission and were not properly before the trial court, and the question of whether or not the division and sale of the certificate will impair the service to the public was for the Commission, and not a proper matter for consideration in the proceedings.

The appellee Railroad Commission submits three counter points; that the division of Certificate No. 5893 will not impair the service to the public, and that the sale and transfer is in good faith; that there is no question of convenience and necessity, or of abandonment of the authority to transport oil-field equipment, or of whether the purchasers are able and capable of rendering the services; and that the order of the Commission approving the division of Certificate No. 5893, and approving the transfer and sale of Certificate No. 8484, after its division out of Certificate No. 5893, are reasonably supported by substantial evidence and are valid, lawful orders.

Specialized Motor Carrier Certificate No. 5893 was originally issued to appellee R. Y. Williams on November 5, 1941, in lieu of Special Commodity Permit No. 14594 under the "grandfather clause" of House Bill 351, Acts of the Forty-seventh Legislature, Regular Session, 1941. On April 16, 1946, the Commission entered its order pursuant to notice and hearing approving the sale and transfer of the certificate to Dalton Coker and Leon Parker, dba Coker and Parker, and the certificate was issued pursuant to such order on June 20, 1946. On August 6, 1947, the Commission entered its order pursuant to notice and hearing approving the sale and transfer of the certificate back to appellee Williams, and the certificate was issued pursuant to such order on October 20, 1947. This certificate, when originally issued to appellee Williams, when transferred to Coker and Parker, and when transferred back to Williams, authorized the transportation of oil-field equipment to and from all Texas points within a 200-mile radius of George West, Texas, and contained the usual restriction prohibiting the transportation of these commodities from dealer to dealer. The certificate also contained authority not in suit to transport certain other commodities. On March 15, 1950, the Commission entered its order, after notice and hearing (February 28, 1950) dividing the certificate so as to retain there-

in authority to transport all commodities except oil-field equipment and authorizing under new 'Certificate No. 8484 the authority to transport oil-field equipment. On March 15, 1950, the Commission entered its order, after notice and hearing (February 28, 1950) approving the sale and transfer of Certificate No. 8484 to appellees B. R. Stuart and L. D. Hunter, dba Stuart Pipeline Company. The certificate was issued to Stuart and Hunter on April 19, 1950.

We believe that the orders dividing Certificate No. 5893 and placing the portion of said certificate authorizing the right to transport oil-field equipment in Certificate No. 8484 were reasonably supported by the evidence heard at the hearing and that the evidence adduced at the trial in this case was substantial and reasonably supported the orders as not being against public interest and in good faith.

The Commission was authorized to enter the orders in suit. Article 911b, Section 5a(a).

Houston and North Texas Motor Freight Lines v. Johnson, 140 Tex. 166, 166 S.W.2d 78.

Section 5a(a) provides for the sale, etc. of any certificate, by application to the Commission for its approval, and that the Commission may disapprove such proposed sale, etc. if it be found and determined by the Commission that such sale, etc., is not in good faith, or that the transferee is not capable of operating the equipment proposed to be sold, etc. in such manner as to render the service, or not for the public interest.

The Commission found from the evidence that sale was in good faith and in the public interest, and fully complied with the statute in approving the division, sale and transfer of the certificate, and we believe that the orders are valid.

We do not believe that the question of dormancy or abandonment of the authority to transport oil-field equipment are for the court to determine in this instance.

The Commission has original jurisdiction over matters of abandonment. Section 12(b) of Article 911b makes provision for the revocation of any certificate after notice and hearing.

Humble Oil & Refining Co. v. Cook, Tex. Civ.App., 215 S.W.2d 383, (er. ref. n. r. e.).

No such proceedings as contemplated by Section 12(b) were ever had.

The question is not so much what service had been rendered or what was proposed to be rendered, but what service was authorized by the original order, and what service is authorized by the order under attack.

The order of the Commission entered April 11, 1950, approving the sale and transfer of Certificate No. 8484 to Stuart and Hunter contains findings as follows: "The commission finds that the application to sell and transfer Specialized Motor Carrier Certificate No. 8484 is made in good faith; that the purchase price of such certificate is $1,000.00; that the purchasers, B. R. Stuart and L. D. Hunter, dba Stuart Pipeline Company, are financially able and capable of performing and maintaining the services as authorized by such certificate; that the equipment proposed to be used in such operation by the purchasers meets the requirements of the law, and the rules and regulations of this Commission with respect to safety devices, dimensions, etc.; and that the purchasers agree to conduct such motor truck operation in the same manner as heretofore authorized. Therefore, after duly considering the evidence, the law, and its own rules and regulations, the Commission is of the opinion that the application to sell and transfer such certificate should be approved. Accordingly, it is * * *."

The orders of the Commission are presumed valid until the contrary is shown.

The question of necessity and convenience having been determined by the Commission at the time the original certificate was granted, there was no occasion to or authority for the reopening of such question upon the application for the sale and transfer of the divided portion of the certificate.

The judgment of the trial court is affirmed.