**RAILROAD COMMISSION of Texas et al., Appellants,**

**v.**

**L. S. JACKSON, d/b/a Hub Motor Lines et al., Appellees.**

**No. 10410.**

Court of Civil Appeals of Texas.

Austin.

June 20, 1956.

Rehearing Denied Aug. 8, 1956.

John Ben Shepperd, Atty. Gen., William W. Guild, Asst. Atty. Gen., for appellant Railroad Commission of Texas.

Small & Small, Austin, for intervenor, Curry Motor Freight Lines, Inc.

Benson & Howard, Lubbock, Looney, Clark & Moorhead, Thomas E. James, Charles D. Mathews, Austin, for appellees.

ARCHER, Chief Justice.

This is an appeal from a judgment of the District Court declaring illegal, null and void, an order of the Railroad Commission denying an application of L. S. Jackson etc., one of the appellees herein, to sell and appellees Lang and Givens to purchase Certificates Nos. 2672 and 3469. ·

Certificate No. 3469 was granted to Hub Motor Lines on November 7, 1946, to operate as a common carrier on a daily coordinated service to, from and between certain towns and villages as follows:

"Commodities Generally from Lubbock to Farwell via Littlefield and Muleshoe on schedule of One Round Trip Daily—Except Sunday, but restricted from picking up or discharging property between Lubbock and Muleshoe;

"From Amarillo to Littlefield via Hart, Olton, Sudan, and Amherst, daily;

"From Littlefield to Lubbock via Anton and Shallowater, one round daily, except Sunday;

"From Anton to Lubbock via Shallowater on schedule of two round trips weekly on Tuesdays and Fridays;

"From Sudan to Lubbock via Anton daily except Sundays."

On October 7, 1947, Certificate No. 3469 was divided under the permission of the Commission and a new Certificate No. 2686 was created authorizing operation from Lubbock to Farwell via Littlefield and Muleshoe.

On November 17, 1947, the remaining portion of divided Certificate 3469 was granted to L. S. Jackson et al., etc., to operate as a common carrier to render a daily coordinated transportation of:

"Commodities Generally from Amarillo to Littlefield via Hart, Olton, Sudan and Amherst, Daily."

On November 17, 1947 the Commission granted permission to L. S. Jackson, etc., to operate as a common carrier to transport:

"Commodities Generally from Amarillo to Littlefield via Hart, Olton, Sudan and Amherst, Daily. (This certificate purchased from L. S. Jackson & C. R. Givens, dba Hub Motor Lines, Lubbock, Texas.)"

On May 18, 1948, the Commission approved the sale of Certificate No. 2672 from Vada Mae Mann and J. E. Mann to L. S. Jackson, etc., to operate as a common carrier from Littlefield to Levelland, Texas.

On the 12th day of March, 1955, L. S. Jackson, d/b/a Hub Motor Lines, entered into a contract of sale with C. M. Lang and C. R. Givens to sell Certificate No. 3469 authorizing a service of a common motor carrier from Amarillo to Littlefield via Hart and Olton, and stop along the route, and Certificate No. 2672 a common motor service from Littlefield to Levelland via Whiteharral and stops in route for a total purchase price of $20,000.

On May 26, 1955, an application for the Commission's approval of sale and purchase was made on a printed form in general use by the Commission.

The Commission denied the application and its order is as follows:

"Application of L. S. Jackson, DBA Hub Motor Lines, for the Commission's Approval of the Sale & Transfer of Common Carrier Certs. 3469 & 2672, & C. M. Lang & C. R. Givens, DBA Lang Transit Company, To Purchase.

Austin, Texas, Aug 23 '55
Order

"By the Commission:

"On August 15, 1955, the Railroad Commission of Texas took up for consideration the above-captioned matter wherein L. S. Jackson, dba Hub Motor Lines, proposes to sell Common Carrier Certificates 3469 and 2672 to C. M. Lang and C. R. Givens, dba Lang Transit Co. The Commission Finds from the evidence and from its records that the acquisition of this authority by Lang Transit Co., together with recent authority granted to that company by the Commission to operate from Lubbock to Olton, would result in a new through service from Lubbock to Amarillo

with no showing of convenience and necessity. The Commission is of the opinion that said transfer is not best for the public interest. Accordingly, it is Ordered by the Railroad Commission of Texas that the application Be, and the same is hereby in all thing Denied.

"It Is̄ Further Ordered by the Commission that if exceptions to this Order are filed by interested parties, that such exceptions shall be in accordance with General Order No. 79, dated Sept. 18, 1946.

"Railroad Commission of Texas

/s/ W. J. MURRAY, Jr.
                Chairman
/s/ Olin Culberson
                Commissioner
/s/ Ernest O. Thompson
                Commissioner
"Attest:
"/s/ O. D. Hyndman
                Secretary"

Motion for Rehearing was overruled and this suit instituted.

The appeal is founded on five points and are that it was error for the court to hold that the order was not supported by any evidence, or by sufficient evidence, or by substantial evidence, and that the sale is not best for the public interest, and that appellees failed to show Public Convenience and Necessity.

Appellants take the position that a showing must have been made by appellees in the application to sell the certificates of necessity and convenience and also that the transfer was best for public interest. Further contention is made by appellants that an operator cannot by piecing together two or more existing certificates obtain a new service without a showing of necessity and convenience, and that this is what appellees are doing.

The appellees contend that the order denying the application is arbitrary, unlawful and void. That Section 5 of Article 911b, Vernon's Ann.Civ.St., does not require a showing of convenience and necessity in a sale and transfer of a certificate; that such issue was determined at the time of the original issuance of the certificate. That the sale and transfer of the certificates do not "result in a new through service from Lubbock to Amarillo with no showing of convenience and necessity;" that the only requirements in an application for sale and transfer of a certificate is that the sale is in good faith; that the purchaser is financially able to perform the service; that the equipment to be operated is adequate and complies with the rules and regulations of the Commission in certain particulars. Appellees further contend that there was no evidence before the Commission as of the time it acted. That the statement to the effect that the "transfer is not best for the public interest" is without support.

The evidence taken by the examiner at the hearing on the application to sell was not transcribed prior to the time the Commission considered the application, and denied it or when the exceptions were overruled.

We believe that the trial court was justified in rendering the judgment finding the orders of the Commission denying the application to be illegal, and directing the Commission to approve the application.

As has been noted, on and prior to October 10, 1947, Certificate 3469 was owned by Jackson and Givens, doing business as Hub Motor Lines, this authorized a service from Amarillo to Littlefield—from Littlefield to Lubbock—.

Under this certificate Hub did, or could have conducted a single service from Amarillo to Lubbock over the route named in the certificate.

This certificate was, on application made, divided: Jackson retained that portion of the certificate authorizing a service between Amarillo via Hart, etc., to Littlefield; Givens and Lang retained or were

given that portion of the certificate authorizing a service between Littlefield and Lubbock over the named route. This divided portion of Certificate 3469 was assigned as Certificate No. 2686.

Subsequent to the division a service was continued between Lubbock and Amarillo with interchange of freight at Littlefield. This type of operation was continued to and as of the time of the application to sell to Lang. The effect of the application, if approved, would have been to place back in one carrier all of the operating rights authorized by Certificate No. 3469 as it existed prior to October 10, 1947.

The form used by appellees is that prescribed by the Commission's Rule 17, and there is no requirement as to a showing of public convenience and necessity embodied in such form.

The form of order used by the Commission in approving sales and transfers of certificates does not include a finding of convenience and necessity, but only as to good faith, ability to perform the duties, and to comply with the rules.

The appellees say and appellants do not dispute such statement, that there has been a long departmental construction of Section 5 of Article 911b by the Commission that in any application for the sale and transfer of a certificate, and that the Attorney General has taken the position in a former case, that the issue of convenience and necessity is not involved, and further that the instant denial of the application for sale and transfer is the first time the Commission has asserted that a showing of necessity and convenience is essential.

█ In L. A. Norris Truck Line v. Railroad Commission, Tex.Civ.App., 245 S.W.2d 746, er. ref., this Court had before it the question of the division of a specialized motor carrier certificate into two separate certificates, and the propriety of an order of the Commission approving such

division, and held that the question of necessity and convenience was not involved in such a proceeding because such issue had been determined by the Commission at time of granting of original certificate. We reaffirm such holding. Houston & North Texas Motor Freight Lines v. Johnson, 140 Tex. 166, 166 S.W.2d 78.

In Houston & North Texas Motor Freight Lines v. Johnson, supra, the Supreme Court held that compliance with many requirements of Article 911b is not necessary in order to authorize the sale of a certificate.

█ In its order denying the sale of the certificates, the Commission was of the opinion that the transfer is not best for public interest.

We believe that the words "public interest" relate to a lack of good faith, or inability to continue the operation, insufficient equipment, financial ability or an unwillingness to abide by the law and the Commission's rules, and public convenience and necessity as such are not involved in a sale and transfer under Section 5 of Article 911b.

L. A. Norris Truck Line v. Railroad Commission, supra; McGehee v. Wolchansky, 217 Miss. 18, 63 So.2d 549.

Since we are affirming this cause it is not deemed necessary to make disposition of appellees' counterpoint concerning procedural error of the Commission in its action overruling the exceptions and motion for rehearing in which only two members of the Commission were present except to cite Rule 50, Rules of Procedure and Practice before the Railroad Commission. Webster v. Texas & Pacific Motor Transport Company, 140 Tex. 131, 166 S.W.2d 75.

The judgment of the trial court is affirmed.

Affirmed.