**TARRY MOVING & STORAGE CO., Inc., et al., Appellants,**

v.

**RAILROAD COMMISSION of Texas et al., Appellees.**

No. 10993.

Court of Civil Appeals of Texas.

Austin.

July 11, 1962.

Rehearing Denied July 25, 1962.

Christopher & Bailey, Fort Worth, for appellants.

Will Wilson, Atty. Gen., Marvin F. Sentell, Asst. Atty. Gen., Lanham & Hatchell, Austin, for appellees.

RICHARDS, Justice.

This appeal involves the validity of three orders of the Railroad Commission of Texas dividing Specialized Motor Carrier Certificate No. 9233 into three separate certificates or authorities for the purpose of enabling James H. Jeter, its owner, to sell the separated authorities to Alex J. Hafmeister, Wayne K. Horton and R. C. Albert, the Railroad Commission, Jeter, Hafmeister, Horton and Albert being appellees herein. Tarry Moving & Storage Company, Jack Albright, Joe L. Baker and A. G. Duncan, a partnership, and B. A. Benthol, appellants, who appeared before the Railroad Commission and protested the issuance of the orders authorizing the division and sale of parts of the authority contained in Certificate No. 9233, filed three separate suits in the 98th Judicial District Court of Travis County as appeals from the orders of the Railroad Commission under the provisions of Sec. 20, Art. 911b, Vernon's Civil Statutes. The suits were consolidated into this action for the purpose of trial. After trial before the Court without a jury, judgment was rendered that appellants "take nothing", from which judgment they have perfected this appeal.

On October 21, 1957 the Railroad Commission of Texas, pursuant to its orders entered September 19, 1956 and September 26, 1957, issued consolidated Specialized Motor Carrier Certificate of convenience and necessity No. 9233 to James H. Jeter authorizing him to operate specialized motor carrier services within the State of Texas, as follows:

"TO TRANSPORT (OLD CERT. 8848) HOUSEHOLD GOODS AND USED OFFICE FURNITURE AND EQUIPMENT from any point within a 50 mile radius of Olney, Texas, to all points in Texas, and vice versa;

"TO TRANSPORT (OLD CERT. 16472) HOUSEHOLD GOODS, USED OFFICE FURNITURE AND EQUIPMENT from points within a 50 mile radius of Seymour, Texas, to all points in Texas, and vice versa.

"TO TRANSPORT: (OLD CERT. 16473) HOUSEHOLD GOODS AND USED OFFICE FURNITURE & EQUIPMENT from all points within a 25 mile radius of Henrietta, Texas, to all points in Texas, and vice versa.

"TO TRANSPORT: (OLD CERT. 9233) HOUSEHOLD GOODS AND USED OFFICE FURNITURE AND EQUIPMENT from all points within a 25 mile radius of Wichita Falls, Texas, to all Texas points and vice versa; excluding the transportation to or from Harris County, Texas."

The consolidation order was entered by the Commission for the convenience of the carrier upon the Commission's findings that it would be to the best public interest to consolidate the certificates. In his application to consolidate the certificates of convenience and necessity, all but one of which had been previously acquired by Jeter by purchase from the original owners, Jeter stated that the proposed consolidation would result in a savings in the matter of keeping records and books as to the operations under the certificates. When the original certificates of convenience and necessity were granted by the Commission to the original owners under the provisions of Sec. 5a(c), Art. 911b, Vernon's Ann.Civ.St., the Commission made determinations that the granting of such certificates was in full compliance with the requirements of Subsec. (d), Sec. 5a, Art. 911b.

The orders of the Commission, the invalidity of which is asserted by appellants, are the order (1) providing for the division from Cert. No. 9233 and issuance to James H. Jeter of that portion of the order which authorized the transportation of household goods, used office furniture and equipment from all points within a 25 mile radius of Wichita Falls, Texas, to all Texas points and vice versa, excluding the transportation to or from Harris County, into a certificate to be numbered 18421 and the order authorizing the sale of Certificate No. 18421 by James H. Jeter to Alex G. Hafmeister.

Under the same procedure the Commission's order (2) approved the division from Certificate No. 9233 of that part of the authority granted under old Certificate No. 16473 to transport household goods, and used office furniture and equipment from all points within a 25 mile radius of Henrietta, Texas, to all points in Texas and vice versa, into a certificate to be numbered 19121 and the order authorizing the sale of Certificate No. 19121 to Wayne K. Horton.

In the same manner the Commission ordered (3) the division from Certificate No. 9233 of the authorization granted under old Certificate No. 16472 to transport household goods, used office furniture and equipment from points within a 50 mile radius of Seymour, Texas to all points in Texas and vice versa, into a certificate to be numbered 19377 and authorized the sale of Certificate No. 19377 to R. C. Albert.

In entering the orders approving the applications to sell and transfer the divided certificates from Jeter to Hafmeister, Horton and Albert, the Commission made the necessary findings required under Sec. 5a (a), Art. 911b. After entering the various division orders, supra, there remained in James H. Jeter the authority under old Certificate No. 8848 to transport household goods, used office furniture and equipment from any point within a 50 mile radius of Olney, Texas to all points in Texas and vice versa.

Appellants base their appeal as to the invalidity of the Commission's orders upon ten points of error, which are as follows: (1) that the applications to divide and create new specialized motor carrier certificates do not meet the jurisdictional requirements of Sec. 5a(c), Art. 911b; (2) that the Commission was without authority or jurisdiction to divide Certificate No. 9233 into two or more parts with no division either geographically or by commodities; (3) that the Commission's order dividing and authorizing the issuance to Jeter of Certificate No. 18421 for the purpose of sale did not comply with the requirements of Sec. 5a(d) and 6(d), Art. 911b, since the order contained no findings of fact; (4) that under Art. 911b in the division and sale of a part of a certificate there must be a finding that such division and sale is not contrary to the public interest and will not impair the service to the public but must be supported by substantial evidence; (5) that assuming either express or implied authority to divide Certificate No. 9233 the Commission's order contains no findings and no possible finding is supported by any evidence; (6) that the Commission's order authorizing the sale by Jeter to Hafmeister contains no findings required by Sec. 5a(a), Art. 911b and does not meet the requirements of Sec. 6(d), Art. 911b, and is void; (7) that the order dividing Certificate No. 9233 and the issuance to Jeter of Certificate No. 18241 creates a new certificate, authorizes a new service and a new competitor without proof of convenience and necessity required by Secs. 5a(d) and 8-12, inc., Art. 911b; (8) that none of the Commission's orders are supported by substantial evidence, (9) that the Commission's orders are arbitrary, unjust and unreasonable to appellants, and (10) that the Trial Court erred in admitting over objection the testimony of the witness Horace Soule as to departmental construction of Art. 911b by the Railroad Commission of Texas because such departmental construction could only be established by duly promulgated rules and regulations.

■ Appellants first contend that the proceedings for the consolidation and division of specialized motor carrier certificates are to be had under Sec. 5a(c), Art. 911b, and hence the Commission's orders are void unless the proceedings meet the requirements of Sec. 5a(d), Art. 911b.

Since the enactment of Art. 911b, V.C. S., the Commission has construed its authority to grant or refuse applications for the consolidation and division of specialized motor carrier certificates to stem from Sec. 4(a), Art. 911b, which authorizes and empowers the Commission to supervise and regulate motor carriers in all matters whether specifically mentioned in the Act or not for the purpose of regulating transportation and relieving existing and future undue burdens on the highways arising out of the use of the highways by motor carriers thereby adjusting and administering its regulations in the interest of the public. Applications to consolidate or divide specialized motor carrier certificates are not covered by any specific section of Art. 911b. Where applications to consolidate or divide certificates do not involve the grant of additional operating rights in competition of those of existing carriers, those provisions of the Act dealing with orders and findings of the Commission in applications for additional operating rights or new competitive rights are not applicable. In the instant case the Commission permitted Jeter to consolidate four certificates into one certificate but required that each component part of the consolidated certificate retain its original separate identity.

Appellees assert and appellants concede that if appellee Jeter had purchased all of the certificates, Nos. 8848, 9233, 16472 and 16473, and had not requested their consolidation into one certificate and then divided them out of that certificate and sold them to the other motor carrier appellees, this suit could not have been maintained. Appellants, however, contend that by consolidating the four certificates into one certificate their respective identities were merged into one authority and as a result

thereof the order authorizing the division of the consolidated certificate into four new certificates constitutes the granting of a new certificate of convenience and necessity which must meet the statutory requirements of Sec. 5a(c) and (d) and 6(d), Art. 911b.

In our opinion, this contention is without merit since the consolidation and subsequent division of existing authorities which had been granted by the Commission in accordance with the requirements of Secs. 5a(c) and (d) would not grant any new authority and therefore would have no adverse effect upon competing carriers. Insofar as the public interest is concerned, the orders of consolidation and subsequent division of the existing certificate would not in any way affect the public interest since the same type of service was available to it whether rendered by Jeter or by any of the other appellees. The fact that the four certificates were granted at different times to four different individuals to serve separate and distinct transportation requirements, none of the certificates having any relation to the others, and that common ownership was finally united in Jeter, does not modify their effect in considering the question of convenience and necessity as to each certificate. Railroad Commission of Texas v. Red Arrow Freight Lines, Tex.Civ.App., 96 S.W.2d 735, 738, error ref.

Since the consolidation of the four certificates did not in any manner create any new right or authority to operate as a specialized motor carrier to Jeter, the division of the consolidated certificate and the sale of certain parts thereof to the other appellees did not create any new operating rights or services. In our opinion the law of this case has already been decided by the opinion in L. A. Norris Truck Lines v. Railroad Commission of Texas, Tex.Civ. App., 245 S.W.2d 746, error ref., in which case substantially the same contentions were urged upon the appeal attacking the orders of the Commission dividing the certificate and selling the divided parts to other carriers.

The Court held that the Commission was authorized to enter the division order under Sec. 5a(a), Art. 911b, citing Houston & North Texas Motor Freight Lines v. Johnson, 140 Tex. 166, 166 S.W.2d 78, and that since the Commission had found from the evidence that the sale was in good faith and in the public interest and having fully complied with the statute in approving the division, sale and transfer of the certificate, the orders were valid. The Court then stated:

"The question of necessity and convenience having been determined by the Commission at the time the original certificate was granted, there was no occasion to or authority for the reopening of such question upon the application for the sale and transfer of the divided portion of the certificate."

As stated above, the findings required under Sec. 5a(a) were made by the Commission in the instant case.

In Roberdeau et al. v. Railroad Commission of Texas, Tex.Civ.App., 239 S.W.2d 889, 894, (original opinion readopted and reinstated 244 S.W.2d 887) practically the same questions involved herein were decided adversely to appellants' contention, and as stated by the Court:

"The original certificates authorized the transportation of household goods, used office furniture and equipment in the area, and as proposed by the purchaser nothing new is added."

After stating that the departmental construction placed upon the Act by the Commission with reference to applications for division and sale and transfer should be given great weight in construing the statute, the Court held that the Commission had the authority to enter the orders and authorize the division of the certificate.

■ Under their 6th point of error appellants contend that the Commission's order authorizing the sale from Jeter to Hafmeister contains no findings required by Sec. 5a(a), Art. 911b, and does not meet the requirements of Sec. 6(d), Art. 911b, and is therefore void. Under the provisions of Sec. 5a(a) the Commission is not required to make findings of any nature on its approval of the sale and transfer of the certificate but the only findings required are to be made by the Commission in the event that it disapproves the sale for one of the reasons authorized for disapproval. The provisions of Sec. 6(d), Art. 911b, apply only in the granting of new certificates and therefore are not applicable here. Appellants' points of error Nos. 1 through 9 are overruled.

For their 10th point of error appellants assert that the Trial Court erred in admitting over their objection, the testimony of the witness Horace Soule as to departmental construction of Art. 911b, V.C.S., by the Railroad Commission of Texas because departmental construction can only be established by duly promulgated rules and regulations. Mr. Soule testified on behalf of appellees that he is the Director of the Motor Transportation Division of the Railroad Commission of Texas and that he had been employed by the Commission since October 1, 1938 as an Examiner and Director of the Motor Transportation Division; that he is familiar with the policies and administrative interpretations made by the Commission with respect to its administration of the Motor Carrier Law (Art. 911b, V.C.S.); that the Commission in regulating specialized motor carriers permits the carrier to divide certificates and separate therefrom portions to be placed in a new certificate, which is done by filing an application which is considered as an amendment and the payment of a filing fee of $25.-00, which application is set for hearing on public notice the same as any other application and hearing is held; that at the hearing no proof of convenience or necessity is received or permitted; that the Commission issues an order either granting or denying the division of the certificate and if it is

granted a new certificate is drawn and given a new number which contains the authority that has been withdrawn from the old certificate and the old certificate is redrawn with the same number minus the authority which had been taken out and put into the new certificate.

The witness further testified that the Commission permits a carrier to consolidate two or more certificates that he owns into one certificate which is done by application as an amendment requiring a $25.00 filing fee; that the application is set for hearing on public notice and presented to the Commission; that after the hearing, if the consolidation is permitted, the several certificates are put in a consolidated certificate which ordinarily takes the earliest number under which any of the certificates was issued and is marked "consolidated", and each certificate contained in the consolidated certificate retains the old number in parenthesis to identify it and the authorities are retained in the consolidated certificate to read identically as they were in the separate certificates; that the Commission had been permitting applicants to divide certificates and consolidate certificates as far back as 1934 and that the Attorney General of Texas has held that the Commission does have the power to divide such certificates; that when certificates are consolidated, each certificate retains its old number as its identity in the consolidated certificate and it is not merged.

■ It has been long established by the appellate Courts of Texas that departmental construction by the agency administering an Act is entitled to great weight in determining the agency's power under that Act. Railroad Commission v. United States, Tex.Civ.App., 290 S.W.2d 699, 703; aff. 159 Tex. 197, 317 S.W.2d 927; Stanford v. Butler, 142 Tex. 692, 181 S.W.2d 269, 273, 153 A.L.R. 1054; Houston & North Texas Motor Freight Lines v. Johnson, Tex.Civ.

App., 159 S.W.2d 905, 907; rev. on other grounds, 140 Tex. 166, 166 S.W.2d 78.

■ Mr. Soule in his capacity as Director of the Motor Transportation Division of the Railroad Commission is in charge of administering the provisions of Art. 911b, V.C.S., under the supervision and direction of the Railroad Commission of Texas. In such capacity as well as in his capacity as Examiner for the Motor Transportation Division over a period of almost twenty five years he was eminently qualified to testify as to the long standing departmental construction and interpretation of the statutory provisions by the Railroad Commission of Texas. Departmental construction or interpretation of the statutory provisions which an administrative body or board is empowered to enforce need not be reduced to written words to become effective nor is departmental construction or interpretation of a statute necessarily found in rules and regulations which such administrative body or board by law is authorized to promulgate. Therefore the Trial Court did not err in admitting the testimony of Mr. Horace Soule in his official capacity as Director and Examiner of the Motor Transportation Division of the Railroad Commission of Texas as to the departmental construction and interpretation by the Commission over a long period of time of the powers and authority granted it under the provisions of Art. 911b. Appellants' tenth point of error is overruled.

■ On an appeal from an order of the Railroad Commission under Sec. 20, Art. 911b, the burden of proof was upon appellants to show by a preponderance of the evidence that the orders of the Commission complained of were unreasonable and unjust as to them. Since appellants have not sustained this burden, the judgment of the Trial Court is affirmed.

Affirmed.