

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 28, 1972

Honorable Charles Barden             Opinion No. M-1105
Executive Secretary
Texas Air Control Board              Re:  State Air Control Board
820 East 53rd Street                      can pay court costs per
Austin, Texas    78751                    Article 4477-5 in civil
                                          penalty suits.

Dear Mr. Barden:

You have asked our opinion as follows:

>        "Attached hereto is a copy of a bill
> from the Sheriff of Tyler County, Texas,
> in connection with the service of the
> papers in Cause No. 8805 – The State of
> Texas v. Stephens Lumber Company, Inc.,
> which has been filed in the 88th District
> Court of Tyler County, Texas.

>        "I am respectfully requesting an
> opinion as to whether our office can pay
> a bill related to court costs or liti-
> gation on view of the fact that such ex-
> penditures are not specifically auth-
> orized in our appropriation bill."

The above suit is by the State of Texas, filed pursuant
to Section 4.02 of Article 4477-5, Vernon's Civil Statutes,
by the Attorney General at the request of the board and its
Executive Secretary.  The court cost appropriation of the
Attorney General's office for the current year was vetoed
by the Governor, exercising his "legislative function".
Fulmore v. Lane, 104 Tex. 499, 140 S.W. 405, 411, 412 (1911).
The Court there observed that the Appropriations Act and the
veto must be construed by an application of the same rules
as govern statutes or other legislative acts.

Unless the Air Control Board has an appropriation out
of which court costs may be paid, there are no funds avail-
able from which court costs may be paid.

-5387-

You may pay court costs out of Item 7 of your appropriation[1] which reads as follows:

"AIR CONTROL BOARD

"...

"7.   Other Operating Expenses 75,000."

The only items other than Item 7 in your appropriation are line items for salaries and travel.  The broad language in Item 7, quoted above, indicates that all of the other authorized expenses of operating the Texas Air Control Board must be paid from Item 7.  The phrase "operating expenses" of a court appointed receiver has been broadly construed.  St. Louis Union Trust Co. v. Texas Southern Ry. Co., 126 S.W. 296, (Tex. Civ.App. 1910, error ref.); 29 Words and Phrases, "Operating Expenses", page 210, et seq.  The phrase has been held to be interchangeable with "cost of operation".  Appeal of Pitney, 20 N.J. Misc. 448, 28 A.2d 660 (1942).  The phrase "Operating Expenses" has been held to include administration, labor, taxes, rent, insurance, claims and litigation expenses or court costs.  Powell v. City and County of San Francisco, 62 Cal.App.2d 291, 144 P.2d 617, 621 (1944).  See also 21 A.L.R. 981, et seq., the annotation styled "Particularity of specification of purpose required in appropriation bill".

"Other Operating Expenses", in this context, implies that all necessary and proper expenses other than for those set out in the line items are payable from this line item.  Where suit is authorized by law, the necessary implication is that the costs of the suit may be paid as an expense necessary and incident to the operation of the agency.

Section 3.07 of Article 4477-5, Vernon's Civil Statutes, a part of the Texas Clean Air Act which established the Texas Air Control Board, provides that the board "...may cause legal proceedings to be instituted in courts of competent jurisdiction to compel compliance with the provisions of this Act or the rules

---

[1]The current General Appropriation Act, Acts 62nd Leg., R.S., 1971, S.B. 11, as amended by Acts 62nd Leg., 1st C.S., 1971, S.B. 7, p. III-11, 3510.

regulations, orders, variances or other decisions of the board".
Thus, the enforcement proceedings may be initiated by the Board,
and it has a joint responsibility with the Attorney General, as
its legal representative in Court, to cause litigation expenses
and court costs to be incurred.  The action is brought by the
State of Texas, and whether court costs have or have not been
appropriated to the Attorney General's office is immaterial under
circumstances where the administrative agency has an appropri-
ation which may be used to cover these expenses incurred upon
behalf of the State of Texas.  The court cost item of appropri-
ation to the Attorney General's office is not necessarily the
exclusive item of appropriation to which the State may look to
pay such costs under the circumstances presented here.

Express declarations of the Legislature first made in its
present language in the general Appropriation Act at its Regu-
lar Session in 1965 and repeated at each session since confirm
our holdings above.  Each of the general Appropriation Acts
since 1965, including the interim act for the period September
1, 1969, through October 31, 1969, have contained the follow-
ing provision:

> "Sec. 10.   LIMITATIONS ON USE OF OTHER
> EXPENSE FUNDS FOR PAYING SALARIES AND WAGES.
> Funds appropriated in Articles I, II, and III
> of this Act, or for the Central Education
> Agency in Article IV of this Act, in items
> designated for consumable supplies and ma-
> terials, current and recurring operating
> expense or capital outlay shall be expended
> only for items set out in the Comptroller's
> **Manual of Accounts**.  Expenditure Classifi-
> cation, effective November 1, 1965, as
> amended, and numbered from 10 to 19 for
> 'consumable supplies and materials', 20
> through 28 for 'current and recurring op-
> erating expense', and 60 to 69 for 'capital
> outlay'.  It is further provided that such
> terms shall not include expenditures for
> personal services including salaries and
> wages, unless the language of those items
> explicitly authorizes such use."  (The
> term Manual of Accounts was emphasized by
> the Legislature; the subsequent emphasis by
> us).

The language of the 1965 Act was in substance the same.

Pursuant to this express Legislative directive, the Comptroller has issued his Manual of Accounts. Relevant to the issues under consideration is the provision at page number 4-25 (Revised 9-1-69) of that Manual which, in its relevant part, reads:

"EXPENDITURE CLASSIFICATION

EXPENDITURE CODE

|  |  |
|---|---|
| 028 | OTHER OPERATING EXPENSES |
| AUTHORITY: | Legislative Appropriation |
| PURPOSE: | To record payment for services and fees not listed or included under Expenditure Code 20 thru 27....These services and fees are such items as mortuary service, telephone answering service not billed by the telephone company, equipment service contracts, purchase of evidence, time-clock service, and like items.... |
| "..." | (Emphasis added). |

Several of the state agencies have expended monies from general appropriations to them pursuant to this provision of this Manual. The State Auditor has approved those expenditures. This interpretation and those approvals are reasonable and in our opinion are correct. Tarry Moving & Storage Co., Inc. v. Railroad Commission, 359 S.W.2d 62 (Tex.Civ.App. 1962, aff. 367 S.W.2d 322); A. B. Frank Co. v. Latham, 190 S.W.2d 739 (Tex.Civ.App. 1945, aff. 145 Tex. 30, 193 S.W.2d 671); 53 Tex. Jur.2d 259-263, Statutes, Sec. 177.

Nor do we find that the Legislature intended the court cost item in the Attorney General's appropriation to be the exclusive item for this purpose. See Section 10, Article V, Current General Appropriation Act, and Comptroller's Manual of Accounts, p. 4-25, set out above. In addition, court costs are sometimes expressly itemized in appropriations to administrative agencies. The Comptroller of Accounts and the Texas

Highway Department have such an item which is and has been used many times in the past for this purpose in addition to such an item appropriated for the general operation of the Attorney General's office.  (See the current General Appropriation Act, pages III-39 and III-77).

There are other instances, in the past and currently, of which we are aware, when state agencies have drawn upon their own general appropriation for operating expenses to pay court costs incurred in connection with suits filed for them and at their request by the Attorney General.  See also, for example, the Texas Employment Commission.  Art. 5221b-11 and 5221b-12, Subd. (b) and (h).

Under Article 4477-5, and particularly Sections 4.02 and 4.04 thereof, your Board is authorized to request the Attorney General to file and prosecute civil penalty suits for air pollution violations.  Court costs incident to these suits are necessary incidents to this operation of your Board.  No particular form of words are necessary to create a specific appropriation of funds to pay these operating expenses.  In National Biscuit Co. v. State, 134 Tex. 293, 135 S.W.2d 687, 693 (1940), the court held:

> "...Section 6 of Article 8 of our Constitution requires all appropriations of money out of the State Treasury to be specific.  It is settled that no particular form of words is required to render an appropriation specific within the meaning of the constitutional provision under discussion.  It is sufficient if the Legislature authorizes the expenditure by law, and specifies the purpose for which the appropriation is made...."  (Emphasis added)

The appropriations to many state agencies are stated in very general terms.  Examples may be found at pages III-101 through 104 (p. 3600-3603, official bound vol. of session laws) and at pages III-137 through 142 (p. III-136 through 141, 3635-3640, official bound vol. of session laws) of the current General Appropriation Act.[2]  We find no decision of

---

[2]The current General Appropriation Act, Acts 62nd Leg., R.S. 1971, S.B. 11, as amended by Acts 62nd Leg., 1st C.S., 1971, S.B. 7.

our courts which hold this type of appropriation violates the requirement of Article VIII, Section 6 of the Texas Constitution which requires that:

> "No money shall be drawn from the Treasury but in pursuance of specific appropriations made by law; ..." (Emphasis added).

In Terrell v. Sparks, 104 Tex. 191, 135 S.W. 519 (1911), the grouping of many items into one lump sum appropriation for a department was upheld as valid and not obnoxious to the constitutional objection that it was not a specific appropriation. The Courts give weight to construction of the constitution by the Legislature.   12 Tex.Jur.2d 366, Const. Law., Sec. 20.

Prior Opinions of the Attorney General Nos. V-554 (1948) and M-286 (1968) are expressly overruled; any prior opinions which conflict with this Opinion are overruled to the extent of the conflict.

In view of all of the foregoing considerations, we have concluded that litigation and court costs of the Texas Air Control Board in filing or defending suits in behalf of the State can be paid from the "Other Operating Expenses" fund as payment for a necessary incident to the operation of the Board.

### S U M M A R Y

> The words "Other Operating Expenses" contained in Item 7 of the current General Appropriation Act to the Texas Air Control Board for the fiscal year 1972 includes court costs in civil penalty suits filed by the Attorney General at the request of the Board.  Any prior opinions in conflict with this opinion, including V-554 (1948) and M-286 (1968), are overruled.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roger Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Robert Owen
Houghton Brownlee
Rex White
James Broadhurst

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant