

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 15, 1972

Hon. Everett L. Anshutz
Executive Secretary
Employees Retirement System
    of Texas
Box 12337, Capitol Station
Austin, Texas

Opinion No. M- 1098

Re: Eligibility of retired
judges to receive the
benefit of limited
state participation in
the payment of insurance
premiums under State
group insurance programs,
and related question?

Dear Mr. Anschutz:

You ask whether the Employees Retirement System may
expend certain appropriated state funds to pay premiums
under state group insurance programs for retired judges,
and if you may, then from what funds the disbursments
should be made?

You inform us that the State Comptroller has questioned
your authority to make these payments and that he relies
upon Attorney General's Opinion No. M-1052(1972).

Our answer to your first question is "Yes". Our answer
to your second question is that the disbursments should be
made from Fund 952 under the conditions stated in this
opinion.

1.

We consider your first question. We must determine,

    1)    Whether "all member retirees" for whom certain
        group insurance is authorized by Sec. 9B [1]of
        Article 6228a[2]includes "elective and appointive
        officials of the state" named in Articles 3.50
        and 3.51 of the Insurance Code; 3

---

[1]This Sec. 9B reads as follows: "The Board of Trustees
shall adopt Rules and Regulations, to be effective no

2)  Whether this last named class of officials
    includes retired judges; and

3)  Whether the appropriation to pay group insurance
    "for retired employees and officials" made by
    Sec. 3 of Article V of the current General
    Appropriation Act[4] covers retired judges.

---

later than January 1, 1972, providing for the payment of
not less than one-half (1/2) the premium cost of Group
Life and Health Coverage for all member retirees.
Premium costs shall be paid from the funds of the agency
or department from which the member retired, and shall
be based on rates not to exceed rates charged members
of the Group Insurance Plan of department or agency
from which the member retired.  The State of Texas shall
pay each year in equal monthly installments into the
State Accumulation Fund an amount required to pay
insurance premiums of the retirees.  The State Board of
Trustees shall certify annually to the Comptroller of
Public Accounts and to the State Treasurer the amount
so ascertained." (Emphasis added).  Acts 1971, 62nd
Leg., p.1361, ch.359, Sec. 11, eff. Sept. 1, 1971.

[2] All references to Articles are to Vernon's Civil
Statutes unless otherwise stated.

[3] Art. 3.50 and 3.51 of the Insurance Code each provides
in part, that,

            " . . .

            "The term employees as used herein in addition
            to its usual meaning shall include elective and
            appointive officials of the state."  Art. 3.50,
            Sec. 1(3)(d); Art. 3.51, Sec.1(a).  (Emphasis Added)

This identical provision was added to each of these
Articles by Acts 1969, 61st. Leg., R.S., p.1371, ch.414,
eff. Sept. 1, 1969.

[4] Acts 62nd Leg., 1971, R.S., S.B.11, as amended by S.B.7
1st C.S., 62nd Leg., 1971, at p. V-33 (p.3794 of the

Your request for our opinion states, in part:

> "As administrating agency for both (the Employees Retirement System and the Judicial Retirement System) Retirement Systems, as well as the new insurance program for "all member retirees", we are of the opinion that retired judges are eligible for participation in such group insurance plans and that the Employees Retirement System of Texas has the authority, as well as administrative obligation, to administer such participation under Articles 3.50 and 3.51 of the Texas Insurance Code,

official bound Vol. of the Session Laws). The relevant portion of this Article V, Sec. 3 reads as follows:

> "In each instance in which an operating fund or account is created by the provisions of this Act, the responsible officials of the State are authorized to transfer into such operating fund or account sufficient moneys from local funds and Federal grants of funds to pay proportionally the costs of matching State employees retirement contributions, the State's share of Old Age and Survivors Insurance and the proportionate cost of premiums of policies containing Group Life, Health, Hospital, Surgical, and/or Medical Expense Insurance for retired employees and officials. Payment by the State from the designated funds on Group Insurance policy or policies for retired employees shall be limited to the amount of payment authorized for active employees. Notwithstanding any other provisions of this Act, any department or agency for which funds in this Act are appropriated shall make such transfers of funds as are necessary, except from those funds appropriated for personal services, to pay premiums for insurance for retired employees and officials as authorized in this Act."
> (Emphasis Added)

>     Section 9B of Article 6228a VCS and Articles III
>     and V of the General Appropriation Act, 62nd
>     Legislature, Regular Session."

The term "all member retirees" in Article 6228a, Sec. 9B is ambiguous. The Board of Trustees of the Employees Retirement System administers both the constitutional retirement systems under consideration: the Employees Retirement System of Texas[5] and the Judicial Retirement System.[6] That Board, pursuant to the express authority in Article 6228a and pursuant to Articles 3.50 and 3.51 of the Insurance Code, has included retired judges within the insurance coverage authorized for "retired employees and officials" for which monies have been provided in Article V, Sec. 3[7] of the current General Appropriation Act. Our opinion is that your interpretation is reasonable and entitled to be given material weight. We follow that interpretation. Tarry Moving & Storage Co., Inc. v. Railroad Commission, 359 S.W.2d 62 (Tex.Civ.App. 1962, aff. 367 S.W.2d 322); A.B.Frank Co. v. Latham, 190 S.W.2d 739 (Tex.Civ.App. 1945, aff. 145 Tex. 30, 193 S.W.2d 671); 53 Tex. Jur. 2d 259-263, Statutes, Sec. 177.

Our opinion is that the insurance program for both state employees and "elective and appointive officials of the state" while they are active (Art.3.50 and 3.51, Ins.Code) and the insurance program provided for these persons upon and during their retirement (Art.6228a, Sec. 9B), each are programs distinct and wholly separate from the constitutional retirement programs for these persons.

---

[5] Art. XVI, Sec. 62(a), Tex. Const., and Art. 6228a, Sec. 6A1.

[6] Art. V, Sec. 1 (a), Tex. Const., and Art. 6228b, Sec. 8.

[7] See footnote 4, supra.

The Employees Retirement System of Texas was designated by the Legislature in Article 6228a, Sec. 9B, to administer the insurance program for all state employee retirees under that Article. Retired judges are included within "retired employees and officials" designated in Article V, Sec. 3 of the General Appropriation Act. This is a duty imposed by the Legislature upon this administrative agency in addition to the duty of administering the constitutional retirement programs for both retired state employees and retired judges. It is the only state agency which maintains records for retirement payment benefits on both these classes of persons. It is the sole agency which administers all payments and benefits to retired judges.

The funds for payment of these insurance premiums are appropriated specifically for that purpose out of the General Revenue Fund directly to the Employees Retirement System. This appropriation[8] reads as follows:

> "EMPLOYEES RETIREMENT SYSTEM AND JUDICIAL
> RETIREMENT ADMINISTRATION
>
> State Contributions, Employees
> Retirement and insurance
> premiums, estimated:
> Out of the General Revenue Fund     $10,066,431
>   . ." (Emphasis Added).

The general cost of administration of the Employees Retirement System is from wholly separate funds. Article 6228a, Sec. 7A and 7C and Subsection 5 of Sec. 8; Atty. Genl. Opinion No. WW-565(1959).

---

[8]The current General Appropriation Act (See note 4, supra) in its Art.III, p.55 (p.3554 of official bound vol.) as amended by Art. V, Sec. 60, p. V-54 (Art.V, Sec.58, p. 3851, of official bound vol.).

The fact is clear that those "elective and appointive officials of the state" who are covered by Articles 3.50 and 3.51 of the Insurance Code[9] are, for all purposes of the insurance authorized by these Articles, "state employees" in every respect as any other state employee.  In this respect (i.e. of being authorized to be covered by the identical same insurance coverage as other state employees) and to this extent, they are, when they retire, "member retirees" within contemplation of Article 6228a, Sec. 9B and thus authorized to be covered by the retirement insurance authorized by that Article.

The insurance coverage authorized by Section 9B of Article 6228a is clearly and wholly outside of, and has no connection with, the constitutional retirement systems for those state employees defined by Article 6228a, Section 10 as members of the Employees Retirement System of Texas and those justices and judges who are members of the Judicial Retirement System who are named in Article 6228b.  This Sec. 9B gives no indication of excluding any person classified under Articles 3.50 and 3.51 as a state employee.  Our opinion is that retired judges are within contemplation of this Sec. 9B the same as other retired state employees.

The classes of persons named at the outset of Articles 3.50 and 3.51 are not restricted to, but are more inclusive than, those members of the Employees Retirement System named in Article 6228a, Sections 1C and 3.  The term "elective and appointive officials of the state" is not qualified in any manner.  The same session of the Legislature which added this term to these two Articles also enacted Section 3B1 of Article 6228a.  This Section expressly excludes from membership in the Employees Retirement System,

> ". . . any elective official in the Judicial,
> Education, District, or County, of the State
> of Texas other than those expressed eligible as
> provided herein."

---

[9] See footnote 3, supra.

The intent of the Legislature to distinguish between elective judges who are not eligible for membership in the Employees Retirement System but who are within the insurance coverage of Articles 3.50 and 3.51 seems clear.  Garrett v. Mercantile Natl. Bank at Dallas, 140 Tex. 394, 168 S.W.2d 636(1943), Wright v. Broeter, 145 Tex. 142, 196 S.W.2d 82 (1946).

Further, we believe that the Legislature intended that these two Articles, when considered in connection with Article 6228a, Sec. 9B, are to be given a construction which would authorize active judges, whether elective or appointive, to be covered by this insurance and was not to bar them from coverage upon their becoming retired judges.  Attorney General's Opinion No. M-919 (1971)(p.8,4487).

Our prior Opinion No. M-1052(1972) is distinguished from our present holding.  The holding in that Opinion considered only an employee-retiree of the Texas Education Agency[10] who was not in any way subject to the jurisdiction of State Employees Retirement System after retirement.  That Opinion correctly held that he was not covered to any extent by Article 6228a, Sec. 9B.

The question now before us relates to a state official-retiree who, by the express terms of Articles 3.50 and 3.51 of the Insurance Code, is to be treated as a state employee and therefore is expressly authorized to be covered by

---

[10]Many persons employed by the Texas Education Agency, an agency of the State, are ineligible for membership in the Employees Retirement System.  Instead, they may become members of the Teacher Retirement System. Sec. 3.02 and 3.03, Texas Education Code.

both Articles 3.50 and 3.51 and also by Article 6228a, Section 9B as a "member retiree" eligible to participate in the group insurance plan administered by the Employees Retirement System of Texas.


2.

In answer to your second question, it is our conclusion that the actual payment to insurance carriers should be made from "Fund 952," which the Legislature has designated in Article 6228a to serve as an "operating" or "clearing" account into which appropriations from all funds for that purpose will first have been deposited.

In the current General Appropriation Act,[11] under the major heading "Employees Retirement System and Judicial Retirement Administration," we find the first item of expenditure entitled "State Contributions, Employees Retirement and insurance premiums estimated".[12] (Emphasis Added). The estimated total for this item is the sum of four estimated amounts to be derived from several sources, the first one being the General Revenue Fund. Each of the sub-items consists of commingled estimated amounts for more than a single purpose. We note that Sec. 8A2(a) and Sec. 9B of Article 6228a require the Employees Retirement System annually to determine separately the exact amounts required for matching retirement contributions and insurance premiums. By these sections the Legislature has prohibited any use of retirement trust funds for payment of insurance premiums.

It appears to us that the sub-item, "Out of the General Revenue Fund," is the proper and only source for matching retirement contributions made by all employees paid from the General Revenue Fund regardless of where employed. In

---

[11]See general citation in note 4, supra,

[12]See footnote 8, supra

like manner, it follows that the same sub-item is also the proper and only source to be used in payment of all insurance premiums payable on behalf of "all member retirees" whose salaries prior to retirement were paid from the General Revenue Fund. Furthermore, all such matching for Highway Department employees and all insurance premiums payable on behalf of "all member retirees" who retired from the Highway Department are to be obtained from the sub-item "Out of the Highway Fund." This principle, as applied to Judicial officers who become "retirees" is further reinforced by the fact that their retirement compensation payments are made from the General Revenue Fund. The fact that all monies for premium payments are first put in Fund 952 and that payments to insurance carriers are made out of Fund 952 is simply a matter of procedural and accounting convenience and is of no other legal significance. No payments are made until after sufficient deposits for this specific purpose are made. Separate accounts are maintained to insure that no State matching for retirement purposes shall be used to pay insurance premiums.

- S U M M A R Y -

Retired judges are eligible to receive the benefit of limited State participation in the payment of insurance premiums under State group insurance programs. Art. 6228a, Sec. 9B, V.C.S., Art. 3.50 and 3.51, Ins. Code, and Art. V, Sec. 3, current General Appropriation Act.

Disbursements to insurance carriers may be made out of Fund 952 after the required amounts have been deposited therein from the General Fund Appropriation for "insurance premiums" under the major heading "Employees Retirement System and Judicial Retirement Administration."

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by W. E. Allen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman

James Broadhurst
J. C. Davis
Arthur Sandlin
Roger Tyler

SAMUEL D. MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant